Willie Eugene PITTS, et al.,
Plaintiffs-Appellants,

v.

Robert FREEMAN, et al.,
Defendants-Appellees.

No. 84-8662.
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 20, 1985.

Donald P. Edwards, Atlanta, Ga., Charles S. Ralston, New York City, for plaintiffs-appellants.

Gary M. Sams, Decatur, Ga., for defendants-appellees.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants appeal the district court's denial of attorney's fees in this school desegregation case against the School District of DeKalb County, Georgia. We affirm the district court's decision.

On February 24, 1984, the United States District Court for the Northern District of Georgia entered a judgment in favor of the appellants, who were the plaintiffs in this civil rights action, with regard to issues relating to Lakeside High School, and against the appellants with regard to issues relating to Redan High School. On March 23, appellants filed a timely notice of appeal from that part of the judgment denying their claims regarding Redan High ·School. On May 30, 1984, appellants filed a motion, pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988,[1] for an award of attorney's fees relating to that part of the February judgment involving Lakeside High School.

Appellees objected to the award of attorney's fees on the ground that appellants had failed to file the motion for attorney's fees "within (15) days of the entry of final judgment," as then required by the Northern District of Georgia's Local Rule 421.1.[2]

---

**1.** 42 U.S.C. § 1988 (1982) provides, in pertinent part, that

[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 ... or title VI of the Civil Rights Act of 1964 ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

**2.** The text of Local Rule 420 in its entirety is:

Rule 420
CIVIL RIGHTS ATTORNEY'S FEES

421.1 Fee Motions. Any party seeking an award of attorney's fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988 must file a motion accompanied by briefs and appropriate affidavits seeking such recovery within fifteen (15) days of the entry of the final judgment as to the party seeking such award.

421.2 Waiver of Fees. Failure to comply with the provisions of this rule will be construed as a waiver and abandonment of any claims to

In response, appellants argued that the February 24th order of the district court was not a "final judgment" within the meaning of the local rule because that judgment was being appealed. According to appellants, no "final judgment" had yet been entered, and so their motion was timely. The district court rejected appellants' interpretation of the local rule, holding that a trial court's judgment is a "final judgment" for the purposes of Local Rule 421.1 even though an appeal from that judgment is pending. The court then denied appellants' motion for attorney's fees on the ground that they did not file their motion within fifteen days of the February 24th judgment.

On appeal, appellants repeat the argument they made before the district court, urging us to adopt their interpretation of Local Rule 421.1. We refuse to do so, since the district court's interpretation is not only acceptable, but appears to be the only acceptable interpretation.

The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, is silent as to when motions for attorney's fees are to be filed. Following the enactment of the statute, there was much litigation throughout the country involving the issue of when such motions should be made. Ultimately, both the Supreme Court and this court suggested that district courts adopt local rules "establishing timeliness standards for the filing of claims for attorney's fees." *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 454 & n. 16, 102 S.Ct. 1162, 1167 & n. 16, 71 L.Ed.2d 325 (1982). *See also Brown v. City of Palmetto*, 681 F.2d 1325 (11th Cir. 1982); *Knighton v. Watkins*, 616 F.2d 795, 798 n. 2 (5th Cir.1980). Both courts believed that such local rules would establish certainty as to timeliness requirements, and thus end the confusion surrounding section 1988 motions.

By establishing Rule 421.1, the Northern District of Georgia has attempted to do

exactly what the Supreme Court and our court suggested. Were we to interpret this rule as appellants suggest, we would undermine the district court's effort to establish certainty as to timeliness requirements. One can imagine, for example, civil rights actions in which the judgments are appealed and the cases remanded several times. Further, in many civil rights actions, particularly school desegregation cases, courts typically retain jurisdiction for years, supervising compliance with court orders and deciding various issues that arise from time to time. Indeed, the present action has been pending in the district court for more than fifteen years. Given the nature of such civil rights cases, there could be no certainty as to timeliness requirements if the phrase "final judgment" in Local Rule 421.1 were interpreted as meaning the final judgment which may, some day, be entered to terminate the case.

Based on these considerations, the district court's interpretation of its Rule 421.1 is certainly acceptable and very well may have been demanded.

AFFIRMED.

---

recover attorney's fees pursuant to 42 U.S.C. § 1988.

We are advised that the local rule may have been amended recently, but we evaluate that

which was in effect at the time of this judgment. Counsel should inform themselves of current local rules in all cases.