Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup and Mary L. Fahey, Washington, D.C.

O. Clayton Lilienstern, Andrews & Kurth, Houston, Tex., argued for appellee. With him on the brief was Denton N. Thomas, Houston, Tex.

Before BENNETT, SMITH, and BISSELL, Circuit Judges.

BENNETT, Circuit Judge.

Appellant challenges the judgment of the United States Claims Court which granted Hughes Properties, Inc., an accrual basis taxpayer, a refund of $433,441.88 in federal income taxes plus assessed interest for the fiscal years ending on June 30 in 1973, 1974, 1975, and 1977. *Hughes Properties, Inc. v. United States*, 5 Cl.Ct. 641 (1984). We affirm.

The relevant facts in this case are stipulated. On cross-motions for summary judgment, the United States Claims Court * held that taxpayer had satisfied the "all events" tests required by Treas.Reg. § 1.461–1(a)(2) (1984). The court reasoned that as a result of section 5.110 of the Nevada Gaming Commission regulations on the use of progressive slot machines maintained by licensed casinos, taxpayer's liability to pay the amounts shown on the jackpot indicators was unconditionally fixed as of the close of the taxable year, notwithstanding the fact that no payment would occur unless and until a customer playing the machine actually achieved the winning combination of symbols. In so holding, the court declined to follow the contrary conclusion of the Ninth Circuit in *Nightingale v. United States*, 684 F.2d 611 (9th Cir. 1982).

■ Under the accrual method of accounting, an expense is deductible for a tax year in which all of the events have occurred that determine the fact of liability and the amount thereof can be determined with reasonable accuracy. Treas.Reg. § 1.446–1(c)(1)(ii) (1984).

■ Here, liability of the taxpayer for the recorded amount of the guaranteed jackpot obligation was fixed and it satisfied the requirements for accrual of a deduction. Liability exists if there is an obligation to perform an act and the cost of performance can be measured in money. The commission regulation makes the guaranteed jackpot a fixed liability. This liability is not contingent upon the time of payment or the identity of the jackpot winner. The taxpayer's method of accounting accurately reflects the casino's income and expenses. If we were to require that the deduction of a jackpot liability be deferred until the year of actual payment, rather than the year in which the liability accrued, it would distort taxable income for the year of payment. Here, the accounting method used by taxpayer results in allocation of the expense to the year in which the revenues were earned.

The Claims Court has carefully examined all of the arguments raised on the present appeal. We have reexamined those arguments, the briefs, statutes, regulations, and authorities, and conclude that the court was legally correct when it granted summary judgment to the taxpayer. We affirm on the basis of the United States Claims Court opinion.

AFFIRMED.

**KORODY–COLYER CORP.,**
**Plaintiff/Appellee,**

v.

**GENERAL MOTORS CORP.,**
**Defendant/Appellant.**

**Appeal No. 84-1712.**

United States Court of Appeals,
Federal Circuit.

May 2, 1985.

---

\* Judge Robert M.M. Seto.

Warren E. Finken, General Motors Corp., of Detroit, Michigan, argued for appellant. With him on the brief was Dean L. Ellis, Detroit, Mich.

John Joseph Hall, of Los Angeles, Cal., argued for appellee. With him on the brief was Gene W. Arant, Los Angeles, Cal.

Before MARKEY, Chief Judge, DAVIS, Circuit Judge, and SKELTON, Senior Circuit Judge.

MARKEY, Chief Judge.

Appeal from a judgment of the United States District Court for the Central District of California holding United States Patent No. 3,555,972 invalid for obviousness and for inequitable conduct during prosecution, and awarding reasonable attorney fees and costs to Korody-Colyer Corporation. We affirm.

## Decision

■ Korody-Colyer Corporation sued for declaratory judgment that Patent No. 3,555,972 is invalid. One basis for the appealed judgment is the district court's determination that the patent is unenforceable because of inequitable conduct during prosecution of the application in the United States Patent and Trademark Office (PTO).[1] That determination was based on the court's Findings that: (1) the applicant was fully aware of certain prior art, and of its materiality, before and during prosecution; (2) a reasonable examiner would have considered that art important in determining whether to allow the application to issue as a patent; (3) the applicant did not disclose that art to the PTO, though its internal correspondence referred to part of that art as "most relevant"; (4) the non-disclosed prior art references were more pertinent than those considered by the examiner during prosecution; and (5) the failure to disclose that art, if not deliberate concealment, was at the very least a calculated recklessness with regard to the truth. In its Conclusions the court further stated that the non-disclosure was a "substantial cause" and "crucial factor" in obtaining the

---

1. The district court's Conclusion 4 was that "fraud on the Patent Office" renders the patent "invalid". This court has said that "inequitable conduct" more properly describes what has been called "fraud on the Patent and Trademark Office" and that such conduct renders a patent "unenforceable", rather than "invalid". *J.P. Stevens & Co. v. Lex Tex Ltd., Inc.,* 747 F.2d 1553, 1559, 223 USPQ 1089, 1092 (Fed.Cir.1984).

patent and that it showed a "culpable state of mind". *See Argus Chemical Corp. v. Fibre Glass-Evercoat Co., Inc.*, 759 F.2d 10 (Fed.Cir.1985).

On consideration of the briefs and the oral argument, and a careful review of the record, we ascertain, in light of the foregoing, no basis on which the appealed judgment may be reversed. Appellant argues strenuously that the non-disclosed art was no more pertinent than that before the examiner, but has not convinced us that the district court's fact findings to the contrary are clearly erroneous. Rule 52(a), Fed.R. Civ.P. Because the holding of unenforceability in view of inequitable conduct fully supports the judgment, it is unnecessary to discuss the issue of obviousness under 35 U.S.C. § 103.

The award of reasonable attorney fees and costs is a matter committed to the discretion of the district court. It may be overturned only on a clear showing that that discretion has been abused. *Rosemount, Inc. v. Beckman Instruments, Inc.*, 727 F.2d 1540, 1548–49, 221 USPQ 1, 8 (Fed.Cir.1984) and cases there cited. A search of the record reveals no basis on which an abuse of discretion may be found in this case.

Accordingly, the judgment appealed from is affirmed.

AFFIRMED.