848 F.2d 172
 Kelly L. DAVIDSON, Plaintiff-Appellant,
v.
CITY OF AVON PARK, Avon Park Civil Service Board, H.M.
(Mack) Flowers, individually and in his official
position as Fire Chief of Avon Park,
Defendants-Appellees.
 No. 86-6026.
 United States Court of Appeals,
Eleventh Circuit.
 June 28, 1988.
 
 Robert H. Grizzard, II, Lakeland, Fla., for plaintiff-appellant.
 Jerry Oxner, West Palm Beach, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and HODGES*, Chief District Judge.
 HATCHETT, Circuit Judge:
 
 
 1
 In this case, an attack is made upon a district court's order based on a local rule regarding attorney's fees. Appellant contends that the rule is ambiguous. Finding that we need not reach that issue, we reverse and remand for further proceedings on another ground.
 
 
 2
 On July 23, 1985, the United States District Court for the Southern District of Florida entered a partial final judgment in favor of the appellant, Kelly L. Davidson. At that time, the district court reserved jurisdiction for the hearing of any motion for and assessment of attorney's fees. Subsequently, Avon Park appealed from the partial final judgment. On August 27, 1986, finding that the order was sufficiently final to be appealable, we affirmed the district court's judgment, without opinion, 800 F.2d 265. On September 23, 1986, this court issued its mandate to that effect. Following this court's affirmance of the district court's judgment, Davidson, within thirty days of the issuance of the mandate, filed a motion to tax attorney's fees, for fees at trial and for fees on appeal.[1] On November 20, 1986, the district court ruled that Davidson's motion was not timely filed pursuant to the local rules and denied the motion.
 
 
 3
 Rule 10(F) of the Rules of the Southern District of Florida provides:
 
 
 4
 Motions to tax costs and claims for attorney's fees authorized to be claimed in accordance with law in actions or proceedings shall be filed by the parties, where appropriate, no later than thirty (30) days following the entry of final judgment or other final dispositive order, if any.
 
 
 5
 Davidson contends that the rule may reasonably and logically be read to allow for the filing of a "claim" for attorney's fees in the original pleading, or for the filing of a motion or claim within thirty days after a "final dispositive order" entered after final judgment (the mandate). He also contends that the district court's local rule cannot control the time for the filing and the awarding of attorney's fees for services rendered on appeal in this court.
 
 
 6
 As to fees for services on appeal, we hold that the district court is not authorized, by local rule or otherwise, to control the filing time or assessment of attorney's fees for services rendered on appeal. While it is clear that district courts are authorized to adopt local rules "establishing timeliness standards for the filing of claims for attorney's fees," such rules have no binding effect on this court with regard to fees on appeal. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 454 & n. 16, 102 S.Ct. 1162, 1167-68, & n. 16, 71 L.Ed.2d 325 (1982). Consequently, because we find that Davidson's motion for attorney's fees for services on appeal could not be foreclosed by the local rule, we reverse the district court on this issue.
 
 
 7
 Having determined that the district court is not authorized to control assessment of attorney's fees on appeal, we now focus our inquiry on whether the district court properly denied Davidson's motion for attorney's fees for services rendered in the district court.
 
 
 8
 The appellee, Avon Park, contends that compliance with Rule 10(F) may only be achieved if the moving party files a motion for taxation of fees within thirty days of final judgment or other final dispositive order. Davidson contends that Rule 10(F) is susceptible of more than one plausible interpretation. Specifically, he argues that a party may comply with the local rule by making a timely "claim" for attorney's fees. Thus, having made his claim for attorney's fees in his initial complaint and again in the amended complaint, Davidson urges that he has complied with the requirements of the rule--as the rule is actually written. Additionally, Davidson argues that he filed the motion for attorney's fees within thirty days of the final dispositive order--the mandate.
 
 
 9
 We need not determine whether the rule is ambiguous.[2] The record indicates that the district court led Davidson to reasonably believe that the rule would not be applied, under the circumstances of this case, in such a manner as to deny him fees for trial and appellate work.[3]
 
 
 10
 At the end of the merits hearing, the district court specifically reserved jurisdiction for the purpose of hearing any motion for an assessment of attorney's fees. It follows that Davidson reasonably could have taken the district court's comments and the phrase "other final dispositive order" to mean the mandate from this court. After all, if Davidson did not ultimately prevail, he would not be entitled to fees. We are convinced that Davidson reasonably relied upon the district court's representations that the court would retain jurisdiction for the purpose of assessing attorney's fees.
 
 
 11
 The district court's decision is reversed, and the case is remanded for further proceedings consistent with this opinion.[4]
 
 
 12
 REVERSED AND REMANDED.
 
 
 13
 HODGES, Chief District Judge, concurring in part and dissenting in part:
 
 
 14
 I concur in that part of the Court's opinion concerning the application for attorney's fees on the appeal. The application for appellate fees was made in the district court within thirty days after the issuance of the mandate by this court, and the motion was therefore timely with regard to those fees even if Rule 10(F) of the district court is construed to apply.
 
 
 15
 I respectfully dissent, however, from that part of the opinion which reverses the district court's order denying as untimely under its Rule 10(F) the motion for fees attributable to services rendered at trial.
 
 
 16
 In Knighton v. Watkins, 616 F.2d 795 (5th Cir.1980),[1] it was held that the ten day period prescribed by Rule 59(e), F.R.Civ.P., for the service of motions to alter or amend a judgment is inapplicable to post-judgment motions to assess attorney's fees; that "... there is no jurisdictional time limit on the filing of a motion seeking such fees;" and that "... the problem can be handled best by local rule." Id. at 798, n. 2. Accord, White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), and Brown v. City of Palmetto, 681 F.2d 1325 (11th Cir.1982).
 
 
 17
 In Obin v. District No. 9 of the International Association of Machinists, 651 F.2d 574, 583 (8th Cir.1981), the Court further explained the reasons favoring a local rule governing the filing of post trial motions for fees:
 
 
 18
 In the interests of orderly and expeditious consideration of all issues arising from a single lawsuit, disputes on appeal over the merits, as well as disputes regarding the allowance of attorney's fees to a prevailing party, should ordinarily be considered and decided by this court in either a single or consolidated appellate proceeding. This court deems it essential that all district courts follow a consistent practice of promptly hearing and deciding attorney's fees claims in civil rights and other cases so that any appeal by an aggrieved party from the allowance or disallowance of fees can be considered by this court together with any appeal taken from a final judgment on the merits.
 
 
 19
 We observe that the problem of possible piecemeal appeals need not arise where the trial court delays entry of judgment on the merits pending determination of attorney's fee claims and thereafter enters a single final judgment determining all issues. If the trial court enters a separate judgment on the merits and reaches the attorney's fee issue subsequently, we suggest that district courts adopt a uniform rule requiring the filing of a claim for attorney's fees within twenty-one days after entry of judgment. If trial judges will promptly decide these claims, the aggrieved party to that issue may promptly appeal. If an appeal on the merits has already been taken, this court on its own motion or the motion of either party will consolidate the appeals for consideration by this court.
 
 
 20
 Clearly, Rule 10(F) of the Southern District of Florida was made in response to the Knighton invitation to serve the salutary purposes discussed in Obin, and this Court has had no hesitation in enforcing substantially similar rules of other districts in virtually identical factual situations (see Pitts v. Freeman, 755 F.2d 897 (11th Cir.1985), involving a rule of the Northern District of Georgia, and Watkins v. McMillan, 779 F.2d 1465 (11th Cir.1985), involving a rule of the Southern District of Alabama). I would merely follow those decisions to reach the same result in this case.
 
 
 21
 The majority, however, after first declaring that it does not reach the Appellant's claim of ambiguity in the local rule involved here, then proceeds in effect to do precisely that by concluding that "... Davidson reasonably could have taken the district court's comments and the phrase 'other final dispositive order' [as stated in the local rule] to mean the mandate from this court." The problem with this construction is that it simply renders the entire rule superfluous since, in the absence of the rule, a motion for fees could always be filed within thirty days following a mandate (Knighton v. Watkins, supra ), and the intended purpose of the rule (as stated in Obin v. District Court No. 9 of the International Association of Machinists, supra ), would never be accomplished. Besides, at the time of the colloquy in question, Davidson was the prevailing party with no intention of appealing; he could only speculate as to whether the other side would appeal; and, since the other side had the same thirty day period within which to decide on an appeal (Rule 4, F.R.A.P.), Davidson would clearly act at his peril if he let the thirty days go by after judgment without filing his fee petition under the local rule within that time.
 
 
 22
 In essence, therefore, the majority effectively holds that the district court either suspended its local rule or waived compliance with it in this case by stating, after reception of the jury verdict, that:
 
 
 23
 THE COURT: Okay. The Court will enter a final judgment and will retain jurisdiction for the purpose of making a finding as to attorneys fees and taxing costs at some future time.
 
 
 24
 Clearly, it seems to me, the district judge said and did nothing more by that statement than reserve jurisdiction to determine the fee issue after entry of judgment, as permitted by the local rule, and in anticipation of a timely motion being made under that rule. There is no expressed intent whatever to waive or suspend the requirement of the rule that an appropriate motion be filed within thirty days after the judgment. Yet, even if that interpretation is viewed as a dubious one, the result must still be the same in my view because surely the law requires that any judicial declaration being relied upon as a waiver or suspension of compliance with duly promulgated rules of Court must be clear and precise to the point of leaving no room for the slightest doubt.
 
 
 25
 The majority emphasizes the district court's reference to some "future time" and bends that phrase completely out of shape by construing it to permit the filing of a fee motion at any future time. This won't do for two reasons. First, the district court's reference to an unspecified future time is entirely consistent, not inconsistent, with the mandate of the rule that fee petitions be filed within the thirty day future following entry of judgment. Second, and in any event, the district court's reference to a future time was literally related to the making of a judicial finding concerning the fee issue, not the filing of an appropriate and timely motion crystallizing that issue for decision.
 
 
 26
 I think it to be plainly apparent that counsel (and perhaps even the district judge himself at the time of the colloquy between them) simply overlooked the requirement of the local rule; and, while the result may be harsh, a rule which is not enforced is no rule at all. As stated before, this court has previously enforced substantially similar district court rules on at least two occasions and I see no reason for casting a cloud on that authority by reaching a different result in this case.
 
 
 
 *
 Honorable William Terrell Hodges, Chief U.S. District Judge for the Middle District of Florida, sitting by designation
 
 
 [1]
 The Civil Rights Attorney's Fee Award Act of 1976, 42 U.S.C. Sec. 1988, provides, in pertinent part, that:
 In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, Title IX of Public Law 92-318 ... or Title VI of the Civil Rights Act of 1964 ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 [2]
 District courts regularly review and invite comments regarding local rules; therefore, any amendment of the local rule, if needed, may be accomplished through that process
 
 
 [3]
 At the conclusion of the merits hearing, the following colloquy took place:
 THE COURT: Mr. Grizzard, send me a proposed form of final judgment. Well, won't be an issue of attorneys fees--
 MR. GRIZZARD: If you would rather reserve, I'll send you one--
 THE COURT: Let's wait until--reserve that issue until we decide the issue of attorneys fees. Make a motion for attorneys fees as you deem appropriate, or do you want--
 MR. GRIZZARD: How about a partial judgment?
 THE COURT: Okay. The Court will enter a final judgment and will retain jurisdiction for the purpose of making a finding as to attorneys fees and taxing costs at some future time.
 Court will be in recess then until tomorrow morning at 9 o'clock.
 (Trial concluded)
 (emphasis supplied)
 
 
 [4]
 For fees on appeal in the Eleventh Circuit, a party should file a petition for attorney's fees for services rendered on appeal with the clerk of the Eleventh Circuit not later than 14 days after the Eleventh Circuit opinion issues. The Eleventh Circuit may rule on the petition, rule on some aspects of the petition, or refer the matter to the district court
 With regard to fees on appeal, Davidson is advised to submit his petition for attorney's fees to this court, with affidavits in support thereof, within 14 days of issuance of this opinion.
 
 
 [1]
 The law of the Fifth Circuit through October 1, 1981 is the law of the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir.1981) (en banc)