Esmat ZAKLAMA, M.D.,
Plaintiff–Appellant,

v.

MOUNT SINAI MEDICAL CENTER,
Defendant–Appellee.

No. 88–6195.

United States Court of Appeals,
Eleventh Circuit.

July 24, 1990.

Kenneth A. Friedman, Baldwin & Friedman, N. Miami Beach, Fla., for plaintiff-appellant.

Christopher Lynch, Miami, Fla., for defendant-appellee.

Neale J. Poller, Hall, Poller & O'Brien P.A., Miami, Fla., for Gardana.

Before FAY and JOHNSON, Circuit Judges, and GIBSON *, Senior Circuit Judge.

FAY, Circuit Judge:

This case presents the issue of whether attorneys' fees awarded to a prevailing party can be recovered when that party moves for fees outside of the time limitation imposed by local rules. Based upon its local rule, the district court denied the attorneys' fee motion. After considering the authority for district courts to establish local rules setting time limitations for filing motions for attorneys' fees for the purposes of certainty and consistency, and finding no merit in arguments against the validity of the subject rule, we affirm.

## PROCEDURAL BACKGROUND

Plaintiff-appellant Esmat Zaklama, an Egyptian anesthesiologist, ultimately prevailed in his employment discrimination suit against defendant-appellee Mount Sinai Medical Center (Mount Sinai) for his dismissal from the residency program there. *Zaklama v. Mt. Sinai Medical Center*, 842 F.2d 291 (11th Cir.1988). The jury returned a verdict for Zaklama for $85,-000.00 in compensatory damages and $50,-000.00 in punitive damages. Although the district court granted Mount Sinai's motion for judgment notwithstanding the verdict, this court reversed the district court and remanded for entry of judgment in accordance with the jury verdict. *Id.* at 296.

On May 12, 1988, the district court entered the following final judgment pursuant to the direction of this court:

Pursuant to the mandate of the United States Court of Appeals, Eleventh Circuit, (11TH CT APP. NOS. 87–5428 and 87–5554) dated April 12, 1988, it is

HEREBY ORDERED and ADJUDGED, as follows:

1. The Plaintiff, ESMAT ZAKLAMA, hereby recovers from the Defendant, MOUNT SINAI MEDICAL CENTER OF GREATER MIAMI, the sum of *$85,-000.00* in compensatory damages, *$50,-000.00* in punitive damages, together with interest thereon in the amount of 12% per annum since February 25, 1987 [date of jury verdict], reserving herein the taxation of costs and attorney's fees, for which let execution issue.

R2–140. The mandate of this court issued on June 23, 1988. Zaklama obtained a writ of execution in the amount of $135,000.00 with interest on July 14, 1988. The satisfaction of final judgment for $135,000.00 with accrued interest without attorneys' fees and costs against Mount Sinai was filed by Zaklama's attorneys on September 14, 1988. Subsequently, the proceeds were placed in the court's registry because Zaklama and his attorneys had become embroiled in a dispute over their contingency fee contract, the subject of a companion appeal. *Zaklama v. Mount Sinai Medical Center*, 906 F.2d 650 (11th Cir.1990). Thereafter, the district court directed payment in the amounts of $83,812.15 with accrued interest to Zaklama and $75,812.14 to his attorneys.

On September 19, 1988, Zaklama's attorneys, claiming Zaklama to be the prevailing party, filed the subject motion for attorneys' fees under 42 U.S.C. sections 1988

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

and 2000e–5(k).[1]  The district court held a hearing on the issues of attorneys' fees and the contingency contract on October 28, 1988.  Zaklama's counsel contended that the district court's judgment "indicated that there would be attorneys' fees, but it was completely silent as to the time limit or the time limitations that might be imposed." R7–23.  Arguing prevailing party status, notice to Mount Sinai through the complaint which included a request for attorneys' fees, and no indication in the local rule that its time limitation for filing an application for attorneys' fees was specific to requests pursuant to section 1988, Zaklama's counsel contended that attorneys' fees should not be denied based upon a "procedural technicality." *Id.* at 22.  Neither the district court nor this court has been given an explanation for the dilatoriness in the request for attorneys' fees by Zaklama's counsel.

On November 2, 1988, the district court denied attorneys' fees for failure to comply with the local rule governing the time limitation for filing motions for attorneys' fees.  Applicable Local Rule 10(F) of the Southern District of Florida states:

> MOTIONS TO TAX COSTS AND ATTORNEYS' FEES.  Motions to tax costs and claims for attorneys' fees authorized to be claimed in accordance with law in actions or proceedings shall be filed by the parties, where appropriate, no later than thirty (30) days following the entry

of final judgment or other final dispositive order, if any.

S.D.Fla., Local R. 10(F).  On appeal, Zaklama's only arguments that merit discussion are the alleged ambiguity of Local Rule 10(F) for lack of applicability to a section 1988 claim, the district court's removal of the subject motion for attorneys' fees from coverage by Local Rule 10(F) by the court's reserving ruling on such a motion in its final judgment, and the ineffectiveness of the district court's final judgment because the mandate of this court had not issued when the judgment was entered.

## ANALYSIS

■  District courts are authorized to institute local rules governing practice and procedure by Rule 83 of the Federal Rules of Civil Procedure.  Specifically addressing the discretion of the district court to grant or deny attorneys' fees pursuant to section 1988, the Supreme Court has explained that "the district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 454, 102 S.Ct. 1162, 1168, 71 L.Ed.2d 325 (1982); *see Brown v. City of Palmetto*, 681 F.2d 1325, 1326–27 (11th Cir.1982); *Knighton v. Watkins*, 616 F.2d 795, 798 n. 2 (5th Cir.1980).  In order to be enforced with respect to attorneys' fee motions, the time limitations established by local rules must state explicitly that they are applicable to claims for attorneys' fees.[2]  *Brown*, 681 F.2d at 1327.

---

1.  We note that Zaklama has engaged several different attorneys during the course of this litigation, which was instituted in 1982.

2.  This court has recognized that section 1988 regards prevailing party attorneys' fees as part of the costs of litigation. *Brown*, 681 F.2d at 1326; *see* 42 U.S.C. § 1988 (1982) ("In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."); *Knighton*, 616 F.2d at 798 n. 2 (Section 1988 allows attorneys' fees to be included as part of the costs only at the discretion of the district court.).  Furthermore, this court has noted that Federal Rule of Civil Procedure 54(d) does not limit the time period

for making motions for costs with the result that there is no jurisdictional time limit on the filing of a motion for attorneys' fees under section 1988. *Brown*, 681 F.2d at 1326; *Knighton*, 616 F.2d at 798.  This court has explained, however, that there are "significant distinctions between attorney's fees and other costs," and that explicit inclusion of time limitations for claims for attorneys' fees in local rules will be upheld.· *Brown*, 681 F.2d at 1327; *see Knighton*, 616 F.2d at 798 n. 2.  In the absence of violating specific time limits in the local rules for filing motions for attorneys' fees, "a claim for attorney's fees would be untimely only on a showing of unfair surprise or prejudice." *Brown*, 681 F.2d at 1327 (citing *White*, 455 U.S. at 454, 102 S.Ct. at 1168).  In contrast to the local rule questioned in this case, the local rule in *Brown* did not mention or indicate that its time limitations applied to motions for attorneys' fees; this

For example, this court has upheld the Middle District of Alabama local rule, which requires motions for attorneys' fees by prevailing parties to be filed within thirty days from the date of judgment, despite the prevailing plaintiffs' contention that the district court's judgment was not final until it was affirmed eight months later. *Watkins v. McMillan*, 779 F.2d 1465, 1466 (11th Cir.1985) (per curiam); *see Pitts v. Freeman*, 755 F.2d 897, 898 (11th Cir.1985) (per curiam) (Although an appeal had been taken from the district court's judgment in this case and appellants argued that the judgment was not final for the purpose of filing a section 1988 motion for attorneys' fees, this court upheld the Northern District of Georgia local rule requiring motions for attorneys' fees under section 1988 to be filed within fifteen days from entry of final judgment in the district court.).

■ Under the authority and enforceability accorded district courts in administering their local rules, we examine Zaklama's arguments against the district court's denial of his motion for attorneys' fees under Local Rule 10(F) of the Southern District of Florida. Zaklama first contends that Local Rule 10(F) is ambiguous because it does not specifically state that it applies to motions for attorneys' fees under section 1988.[3] Zaklama supports his contention with *Pitts*, wherein this court affirmed the district court's denial of section 1988 attorneys' fees for failure to comply timely with the Northern District of Georgia local rule specifically designating that motions for attorneys' fees pursuant to section 1988 must be filed within fifteen days of entry of final judgment. 755 F.2d at 897–98.

We find that the initial principle of statutory interpretation established by the Supreme Court is applicable and determinative in our consideration of the alleged ambiguity of Local Rule 10(F): "The starting point in statutory interpretation is 'the language [of the statute] itself.'" *United States v. James*, 478 U.S. 597, 604, 106 S.Ct. 3116, 3120, 92 L.Ed.2d 483 (1986) (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756, 95 S.Ct. 1917, 1935, 44 L.Ed.2d 539 (1975) (Powell, J., concurring)); *Newman v. Soballe*, 871 F.2d 969, 971 (11th Cir.1989). Clearly, Local Rule 10(F) requires that *all* motions for attorneys' fees be filed within thirty days of final judgment. As this court stated in *Pitts*, section 1988 "is silent as to when motions for attorney's fees are to be filed." 755 F.2d at 898. Both the Northern District of Georgia and the Southern District of Florida have followed the Supreme Court's directive in *White* to establish time limits for filing claims for attorneys' fees under section 1988. The fact that the Northern District of Georgia has adopted a separate section in its local rules for claims under section 1988 in no way affects the prerogative of the Southern District of Florida to adopt an inclusive local rule governing time limits for all motions for attorneys' fees. *See White*, 455 U.S. at 454, 102 S.Ct. at 1168; *Knighton*, 616 F.2d at 798 n. 2; Fed.R.Civ.P. 83. We conclude that Local Rule 10(F) clearly and unambiguously notifies a reasonably diligent attorney that

court found that the motion for an attorneys' fee award was timely filed, and that there had been *no showing* of unfair prejudice or surprise. *Brown*, 681 F.2d at 1327.

3. Zaklama also has attempted to find ambiguity in Local Rule 10(F) through its use of "claims" instead of "motions" to describe requests for attorneys' fees. Furthermore, he asserts that his "claim" for attorneys' fees was made in his complaint. *See Davidson v. City of Avon Park*, 848 F.2d 172, 174 (11th Cir.1988) (In *Davidson*, this court declined addressing the same ambiguity argument presented in this case regarding Local Rule 10(F) because the court found that the district court's instructions to the parties made that local rule inapplicable.). We find these contentions to be completely meritless. Local Rule 10(F) is entitled "MOTIONS TO TAX COSTS AND ATTORNEYS' FEES," indicating that the words "motions" and "claims" used in the local rule are interchangeable. *See White*, 455 U.S. at 454, 102 S.Ct. at 1167–68 (The Supreme Court's use of "claims" for attorneys' fees clearly is equivalent to "motions" for attorneys' fees.). Moreover, permitting a "claim" for attorneys' fees *to be effective in the initial complaint* would undermine efforts by district courts to establish certainty as to timeliness requirements according to Supreme Court instruction in *White*. 455 U.S. at 454, 102 S.Ct. at 1167–68. Under Zaklama's flawed logic, a claim for attorneys' fees would be considered timely when made in the initial complaint, and the ultimate motion requesting the attorneys' fee award could be filed at *anytime* subsequent to the maturity of the claim.

*any* motion for attorneys' fees must be filed within thirty days of final judgment.[4]

Zaklama's second argument is that the district court's final judgment, which reserved ruling on attorneys' fees and costs, made Local Rule 10(F) inapplicable to the subject attorneys' fee request. He supports his argument with this court's prior holding that Local Rule 10(F) was not applicable because the district court informed the parties at the conclusion of the merits hearing that the issue of attorneys' fees was reserved. *Davidson v. City of Avon Park*, 848 F.2d 172, 174 (11th Cir.1988). We consider this case distinguishable from *Davidson* in several significant respects. At the conclusion of the merits hearing in *Davidson*, the district court reserved ruling on attorneys' fees, specifically retained jurisdiction for that purpose, indicated that the judgment would be partial, and instructed the prevailing party to make an appropriate motion for attorneys' fees. *Id.* at 174 n. 3. Furthermore, this court found that the district court's comment regarding another final dispositive order reasonably could have been interpreted to mean the mandate from this court. *Id.* at 174. These cumulative factors are not present in this case.

While the district court reserved ruling on attorneys' fees and costs in this case, there was no indication whatsoever from which Zaklama or his attorneys could conclude that the district court had removed this issue from the applicability of Local Rule 10(F). Zaklama's counsel conceded at the hearing on this matter that the final judgment was silent as to the time limitations for filing motions for attorneys' fees. Silence regarding time limitations does not constitute waiver of the applicability of a specific local rule. Obviously, the district court could not rule on an attorneys' fee motion which was not before it. Practioners must adhere to applicable local rules in order for those local rules to have effect and federal courts by enforcement will preserve the integrity of local rules, absent problems of a constitutional dimension. Zaklama's attorneys were responsible for filing their motion for attorneys' fees within thirty days from final judgment in accordance with Local Rule 10(F). Since they failed to do so, the subject motion for attorneys' fees is untimely.[5] *See Watkins*, 779 F.2d at 1466.

Zaklama's third contention is that the final judgment is ineffective because the district court lacked jurisdiction, since entry of the final judgment predated the mandate from this court.[6] "This court retains jurisdiction over an appeal until it has issued a mandate to implement its disposition." *United States v. Cook*, 592 F.2d 877, 880 (5th Cir.), *cert. denied*, 442 U.S. 921, 99 S.Ct. 2847, 61 L.Ed.2d 289 (1979). Accordingly, a district court generally is without jurisdiction to rule in a case that is on appeal, despite a decision by this court, until the mandate has issued.[7] *See* Fed.R. App.P. 41.

Determinative to our decision on this appellate issue is Zaklama's attorneys' obtaining a writ of execution upon the same judgment that he claims is invalid in this appeal. Furthermore, Mount Sinai paid the judgment pursuant to the writ of

---

4. As this court has observed previously: "District courts regularly review and invite comments regarding local rules; therefore, any amendment of the local rule, if needed, may be accomplished through that process." *Davidson*, 848 F.2d at 174 n. 2.

5. We additionally note that the subject attorneys' fee motion not only was untimely, but also was deficient because it failed to address the requisite factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Knighton*, 616 F.2d at 798 n. 2.

6. Interestingly, Zaklama asserts appellate jurisdiction under 28 U.S.C. section 1291, appealing

from the district court's final judgment of May 12, 1988, the same judgment that he claims is ineffective. Appellant's Brief at 4, 8, 19.

7. Zaklama argues that *Davidson* indicates that the thirty-day period for filing motions for attorneys' fees commences either on the date of final judgment or the date of issuance of the mandate. 848 F.2d at 174. We already have distinguished *Davidson* herein and reiterate that such a finding in *Davidson* resulted from the district court's reference to another final dispositive order. The facts in *Davidson* are inapposite to this case.

execution. "[W]here one in whose favor a judgment is rendered accepts the benefits, he is estopped from questioning the validity, of the judgment in any subsequent litigation." *Livesay Indus., Inc. v. Livesay Window Co.*, 202 F.2d 378, 382 (5th Cir.), *cert. denied*, 346 U.S. 855, 74 S.Ct. 70, 98 L.Ed. 369 (1953); *see Davis v. Wakelee*, 156 U.S. 680, 691, 15 S.Ct. 555, 559, 39 L.Ed. 578 (1895). Since Zaklama has obtained execution on this judgment and the funds have been paid by Mount Sinai, we cannot countenance his contentions of invalidity of the district court's judgment in order to rectify the untimely filing of his motion for attorneys' fees under Local Rule 10(F).

Because we have determined that Local Rule 10(F) of the Southern District of Florida is not ambiguous, that the district court's final judgment did not remove this case from the applicability of that local rule, and Zaklama cannot contest a final judgment upon which he has executed, we AFFIRM the district court's denial of Zaklama's attorneys' fee motion for failure to comply with the time limitations of Local Rule 10(F).