Karol W. **VANZANT**, Teddy L. Vanzant, and Offroad Marketing Corporation, Plaintiffs,

v.

**R.L. PRODUCTS, INC.**, Richard Aho, and Milemarker, Inc., Defendants.

No. 87–6804–CIV.

United States District Court, S.D. Florida.

Nov. 18, 1991.

Robert E. Strauss of Plante, Strauss & Vanderburgh, Santa Ana, Cal., for plaintiffs.

Joseph Zallen, Fort Lauderdale, Fla., for defendants.

### ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES

PAINE, District Judge.

#### Background

Plaintiffs brought suit for alleged infringement of United States Patent Number 4,304,317, issued December 8, 1981 and entitled "Method and Apparatus for Converting Transfer Cases for Four–Wheel Drive Vehicles" (DE 1). Defendants counterclaimed for declaratory relief and violation of the antitrust laws (DE 29). The Court bifurcated the case into phases regarding (i) the validity and enforceability of the patent, and (ii) infringement, damages, and antitrust violations (DE 53).

A jury trial on the first set of issues was held in October 1989. The jury, answering interrogatories in a Special Verdict Form (DE 112), determined that Plaintiffs held a valid patent, but their failure to disclose known material prior art (the "Bushwacker Unit") to the Patent Examiner constituted inequitable conduct. On December 5, 1989, in accordance with this verdict, the Clerk of the Court entered a Final Judgment on Validity and Enforcement of Patent in Suit (the "Final Judgment") (DE 116), adjudging the patent unenforceable and not sub-

ject to infringement. The Final Judgment, which Defendants have never sought to amend, did not reserve jurisdiction to determine attorneys' fees.

Plaintiffs appealed the adverse judgment (DE 117). On September 10, 1990, the Federal Circuit Court of Appeals affirmed (DE 126); its formal mandate was issued on October 1, 1990 (DE 128).

Following the appellate decision, Defendants filed a Motion for Attorney Fees (the "Motion") (DE 127), seeking fees under Title 35, United States Code, Section 285, which authorizes such an award "in exceptional cases." Plaintiffs respond that the Motion is untimely, the facts do not present an "exceptional case," the award of fees is nevertheless discretionary, and the fees requested are unreasonable (DE 130). Defendants reply that the time for filing the Motion is unclear and can be extended by the Court (DE 134).[1]

### Analysis

#### 1. Timeliness

Federal Rule of Civil Procedure 83 grants district courts the power to "make and amend rules governing its practice not inconsistent with these rules." Specifically, "the district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 454, 102 S.Ct. 1162, 1167, 71 L.Ed.2d 325 (1982). Pursuant to this authority, the United States District Court for the Southern District of Florida has promulgated General Rule ("Local Rule") 10(F), which provides:

> Motions to tax costs and claims for attorneys' fees authorized to be claimed in accordance with law in actions or proceedings *shall be filed* by the parties, where appropriate, *no later than thirty (30) days following the entry of final*

*judgment* or other final dispositive order, if any.

(Emphasis added).

Defendants do not dispute that their Motion was filed nearly ten months after the entry of final judgment. They argue, however, that the phrase "or other final dispositive order" is ambiguous, particularly as applied to a bifurcated case. Defendants thus seek a *nunc pro tunc* extension of time pursuant to Federal Rule of Civil Procedure 6(b), which provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, *the court* for cause shown *may at any time* in its discretion ... upon motion made after the expiration of the specified period *permit the act to be done where the failure to act was the result of excusable neglect* ....

(Emphasis added).

■ This argument is flawed in several respects. First, the Eleventh Circuit has held that "Local Rule 10(F) clearly and unambiguously notifies a reasonably diligent attorney that *any* motion for attorneys' fees must be filed within thirty days of final judgment." *Zaklama v. Mount Sinai Medical Center*, 906 F.2d 645, 648–49 (11th Cir.1990) (emphasis in original). Second, Defendants cannot plausibly argue that bifurcation caused any confusion regarding Local Rule 10(F). The Final Judgment (DE 116) resolved pending issues of infringement and damages, leaving at most Defendants' antitrust counterclaim, which was *never* pursued thereafter. Even if this issue were pending, the Final Judgment clearly constituted a "final resolution" of the patent enforcement phase of the litigation, upon which the fee claim was based.[2] Defendants' October 1, 1990 filing of the Motion was in no way related to the status of the antitrust claim.

---

1. Plaintiffs thereafter filed a Rebuttal Brief to Defendants [sic] Reply (DE 135), to which Defendants replied (DE 136). These pleadings, which clearly violate Southern District of Florida General Rule 10(C), will be disregarded by the Court and stricken from the file.

2. Defendants may retain the right to seek fees for any successful prosecution of the antitrust claim.

■ Defendants do not, but perhaps could, argue that the appellate mandate constituted an "other final dispositive order" that starts the thirty-day timeframe. In *Davidson v. City of Avon Park*, 848 F.2d 172, 174 (11th Cir.1988), the Eleventh Circuit held that, by orally stating its intention to make a finding as to attorneys' fees "at some future time," "the district court led Davidson to reasonably believe that the rule would not be applied." In a seemingly contradictory passage, the appellate court indicated that Local Rule 10(F) applied, but "Davidson reasonably could have taken the district court's comments and the phrase 'other dispositive final order' to mean the mandate from this court." *Id.; see also Formby v. Farmers and Merchants Bank*, 904 F.2d 627, 634 n. 12 (11th Cir.1990) (district court's oral statement extended time for filing fee motion beyond appellate mandate).

As Chief District Judge Hodges[3] aptly noted, this holding carved a narrow but unnecessary exception to prior Eleventh Circuit caselaw that the date of final judgment, as used in local rules fixing deadlines for fee motions, refers to the trial court judgment, and is unaffected by an opponent's appeal. *See Davidson*, 848 F.2d at 175 (Hodges, J., concurring in part and dissenting in part) (citing *Watkins v. McMillan*, 779 F.2d 1465, 1466 (11th Cir. 1985); *Pitts v. Freeman*, 755 F.2d 897, 898 (11th Cir.1985)). The purpose of these local rules is "to cause the collateral question of fees to be presented and considered within a reasonable time after resolution of the case's merits, while those are still fresh in the judge's mind." *Townsend Engineering Co. v. Hitec Co., Ltd.*, 117 F.R.D. 612, 613 (N.D.Ill.1987). The language "other

final dispositive order" is best viewed as referring to trial court orders that give rise to fee liability, *not* subsequent appellate practice.

■ Moreover, the instant facts do not fall within the *Davidson* exception. Defendants did not rely upon any oral, or even written, statement by the Court regarding a future fee award.[4]

In sum, Defendants filed the Motion outside the time permitted by Local Rule 10(F) and have failed to establish "excusable neglect" for this error. "[T]he Court has no choice but to deny" the Motion. *Peasley v. Armstrong World Industries, Inc.*, 128 F.R.D. 681, 682 (S.D.Fla.1989) (denying motion filed one week after expiration of the thirty-day period).

### 2. Exceptional Case

■ Title 35, United States Code, Section 285 provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." The statute is designed to deter "clearly unwarranted suits on obviously invalid or unenforceable patents." *Mathis v. Spears*, 857 F.2d 749, 754 (Fed.Cir.1988). The requirement of exceptional circumstances strikes "a balance between the interest of the patentee in protecting his statutory rights and the interest of the public in confining such rights to their legal limits." *Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467, 471 (Fed.Cir.1985) (citing A. Ahert, *Attorney's Fees: The Patent Experience*, 57 J.Pat.Off. Soc'y 608, 614 (1975)). Courts must also consider that Section 285 abrogates the "American rule" that a prevailing party is not entitled to attorneys' fees. *See Machinery Corp.*, 774 F.2d at 471.

---

3. Honorable William Terrell Hodges, Chief United States District Judge for the Middle District of Florida, sitting by designation.

4. In an unsworn portion of their Reply Brief, Defendants assert that, shortly after the Final Judgment, the undersigned's law clerk informed counsel that the Court would consider the fee issue after appeal. DE 134 at 5. The undersigned seriously doubts whether such a statement was made; law clerks are instructed not to comment on the merits of cases. In fact, the attempt to elicit such information via telephone

constitutes impermissible *ex parte* communication with chambers. *In Re Intermagnetics America, Inc.*, 101 B.R. 191, 193 n. 2 (C.D.Cal. 1989); *Hegwood v. Shepherd*, No. 85 C 8422, 1986 WL 9193, at *2 (N.D.Ill.1986). Moreover, any reliance placed upon a law clerk's telephonic statements is unreasonable. *Cf. Dixon v. City of Lawton*, 898 F.2d 1443, 1447 (10th Cir.1990). Defendants seemingly acknowledge the irrelevance of their assertion by mentioning it only parenthetically and in passing.

■ The prevailing party bears the initial burden of establishing the exceptional character of the case by clear and convincing evidence. *Reactive Metals Alloys Corp v. ESM, Inc.*, 769 F.2d 1578, 1582 (Fed.Cir.1985). "[T]here must be proof of actual wrongful intent ... or of gross negligence." *Machinery Corp.*, 774 F.2d at 473. The court must additionally determine whether a fee award is appropriate; a finding of exceptional circumstances does not mandate such an award. *Reactive Metals*, 769 F.2d at 1582; *Consolidated Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 815 (Fed.Cir.1990).

■ In the present case, the jury found that the Defendants proved by clear and convincing evidence that Plaintiffs knew of the material prior art but failed to disclose it to the Patent Examiner. DE 112 at ¶ 3. This failure was deemed "inequitable conduct." *Id.* at ¶ 4. Yet, the jury specifically found that Plaintiffs had not committed a fraud upon the Patent Office. *Id.* at ¶ 5. Moreover, because the special verdict form does not indicate when or how Plaintiffs learned of the material prior art, it is unclear whether the jury rejected KAROL VANZANT's testimony that he did not become aware of the Bushwacker Unit until sometime *after* the patent application was filed.

Courts have granted attorneys' fees in cases involving "inequitable conduct." *E.g., Korody–Colyer Corp. v. General Motors Corp.*, 760 F.2d 1293, 1295 (Fed.Cir. 1985). But "it has not been held that every case of proven inequitable conduct must result in an automatic attorney fee award, or that every instance of inequitable conduct mandates an evaluation of the case as 'exceptional.'" *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1215 (Fed.Cir. 1987). The Court holds that the instant case does not rise to the level of exceptional circumstances and certainly does not warrant an award of fees.

### Conclusion

In light of all the foregoing, it is hereby

ORDERED and ADJUDGED as follows:

1. Defendants' Motion for Attorney Fees (the "Motion") (DE 127) is DENIED.

2. Plaintiff's [sic] Rebuttal Brief to Defendants [sic] Reply (DE 135) and Defendants' Reply to Plaintiff's "Rebuttal Brief" (DE 136) are STRICKEN from the court file.

DONE and ORDERED.