**Charles Larry MINDLER, Plaintiff,**

v.

**CLAYTON COUNTY, GEORGIA, Clayton County Board of Commissioners, Ronnie Clackum, Robert Keller, William Lemacks, as Advisors and Directors of the Narcotics Squad of Clayton County, William Lemacks, in his capacity as Sheriff of Clayton County, Georgia, Ronnie Clackum, in his capacity as Chief of Police of Clayton County, Georgia, Robert Keller, in his capacity as District Attorney of Clayton County, Georgia, J.L. Massengale, Thomas David Ward, Rick Webster, R.V. McCain and Brian Crisp, Defendants.**

**No. 1:91–CV–2741 JEC.**

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 23, 1994.

---

**1330**

Joseph Michael Todd, Office of Joseph Michael Todd, Jonesboro, GA, for plaintiff.

Theodore Freeman, William T. Mitchell, Drew, Eckl & Farnham, Atlanta, GA, Larry A. Foster, Foster & Foster, Jonesboro, GA, John C. Jones, Daryl A. Robinson, Office of State Atty. Gen., Atlanta, GA, for defendants.

## ORDER

CARNES, District Judge.

This case is presently before the Court on plaintiff's Motion for Award of Costs, Expenses and Attorney's Fees pursuant to 42 U.S.C. § 1988 [74–1] and defendants' Motion for Extension of Time [77–1]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's motion should be denied and that defendants' motion should be denied as moot.

## BACKGROUND

This motion is based on the rendition of services to, and the costs and expenses incurred by, plaintiff in this case. The case was tried before this Court commencing December 6, 1993, and a jury verdict was rendered in favor of plaintiff against one of the defendants on December 9, 1993. Based upon this verdict, plaintiff filed this motion to recover his costs, expenses and attorney's fees on February 28, 1994. Defendants [1] have opposed plaintiff's motion for fees, costs and expenses, asserting that such motion was untimely.

## DISCUSSION

Plaintiff's motion seeks an award of costs of litigation and an award of attorney's fees and expenses pursuant to 42 U.S.C. § 1988 ("§ 1988"). While § 1988 provides no time limit within which a prevailing party must file for attorney's fees, the applicable Federal Rules of Civil Procedure and the Local Rules of this Court do address the time within which a party must file any such motion seeking the award of fees and costs. According to the Local Rules, a bill of costs must be filed within thirty (30) days after the entry of judgment. LR 255–7, NDGa. The longest possible period for plaintiff to have filed his motion for attorney's fees was twenty (20) days from the entry of judgment.[2] *See* LR 270–1(2), NDGa. Accordingly, plaintiff's motion should be denied as untimely.

---

1. Although the jury returned a verdict against only one defendant, the response in opposition to attorney's fees has been captioned in the plural.

2. Effective December 1, 1993, the Federal Rules of Civil Procedure were amended to include a time limit on the filing of motions for attorney's fees. Pursuant to the new rules, plaintiff was required to file any such motion within fourteen (14) days of the entry of judgment. FED.R.CIV.P. 54(d)(2)(B). The Court does not determine which rule applies, because, under either the formerly applicable local rule or the revised federal rule, plaintiff was untimely. For purposes of deciding plaintiff's motion for fees, the Court will apply the local rule, which provides a longer time within which to file such a motion.

■ Plaintiff offers no excuse for his neglect to file his motion for attorney's fees and his bill of costs in a timely fashion. Instead, plaintiff argues that Local Rule 270-1(2) does not apply to awards of attorney's fees under § 1988, that this Court may exercise its discretion in determining whether plaintiff's motion was filed within a "reasonable" time, and that defendants have not been prejudiced by plaintiff's delay. The Court finds none of plaintiff's arguments to be persuasive. Contrary to plaintiff's argument, local rules limiting the time within which litigants may file motions for attorney's fees do apply to motions filed under § 1988. *Pitts v. Freeman,* 755 F.2d 897 (11th Cir.1985).[3]

■ Depriving a prevailing attorney of his attorney's fees is clearly a harsh result[4] and one whose imposition gives this Court no pleasure. Were the Court dealing only with the failure to file timely a pleading, it would be much more reluctant to enter such an order. In this case, however, contrary to plaintiff's arguments, the defendant has been greatly prejudiced by plaintiff's delay in filing his motion for fees. Plaintiff seeks almost $120,000 in fees and costs in a case that resulted in a $49,000 jury verdict against one (1) of the eleven (11) named defendants. Plaintiff did not file his motion for fees until forty five (45) days after defendant's time for appeal had expired. Had the defendant been aware that he was subject to paying $169,-000, as opposed to $49,000, he might well have chosen to appeal the judgment.[5] Not aware of that exposure, defendant did not appeal.

Accordingly, defendant has been prejudiced in precisely the manner the local rule was intended to prevent. The time limit in Local Rule 270-1(2) was set so as to allow the losing party ten (10) days after the prevailing party has filed such a motion to file a notice of appeal. By waiting until the defendant's time within which to file any possible appeal had expired, plaintiff deprived defendant of the benefit provided by the local rule. Accordingly, plaintiff having failed to provide any excuse for his failure to file his motion for fees within the time specified by the local rules and the defendant having suffered substantial prejudice from that failure, the Court concludes that plaintiff's motion should be denied.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Award of Costs, Expenses and Attorney's Fees pursuant to 42 U.S.C. § 1988 [74-1] is **DENIED** as untimely and defendants' Motion for Extension of Time [77-1] is **DENIED** as moot.

SO ORDERED.

---

3. Revised Rule 54(d)(2)(B) also applies to motions for attorney's fees under § 1988. *Holloway v. Wittry,* 842 F.Supp. 1193, 1202 (S.D.Iowa 1994).

4. Although not a factor in this ruling, the Court does note that counsel for the plaintiff indicates in his motion for attorney's fees that he does have a continent fee arrangement with his client, suggesting that he will likely receive a specified percentage of the award.

5. Indeed, the prejudice would be sufficient were the liable defendant the County, itself. It is arguably enhanced, however, by the status of the sole defendant against whom the jury rendered this verdict. The jury returned a verdict against defendant Ward, a Clayton County police officer, in the latter's individual capacity. Defendant Ward, alone, is subject to the judgment. Although not in this record, the Court has been informed in other cases that a county's policy of insurance generally does not cover an individual officer's liability. The Court is also aware that the employing Governmental entity frequently will pay the judgment on behalf of the individual employee found liable. While the County might be willing to pay $49,000 for defendant Ward, it is not clear that it would pay another $120,000 for a judgment on which it is not liable. Clearly, had defendant Ward been aware that he may have been individually liable for a judgment awarding attorney's fees in an amount that would bankrupt most police officers, he may have made a different decision concerning whether to appeal.