[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16348
Non-Argument Calendar
_____

D.C. Docket No. 1:88-cr-01007-MP-GRJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE BUD REED, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 25, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Willie Bud Reed, Jr., a federal prisoner proceeding pro se, appeals the district

court's denials of his motion for reinstatement of his second motion for

reconsideration of the court's denial of a 18 U.S.C. § 3582(c)(2) motion for sentence reduction; and his motion for reconsideration of the denial of that motion for reinstatement.   On appeal, Reed argues that the district court erred in: (1) finding that it lacked jurisdiction to consider his second motion for reconsideration; (2) construing his initial motion for reconsideration of the denial of the § 3582(c)(2) motion as a Rule 60(b) motion; (3) determining what quantity of cocaine base he was held responsible for when denying the § 3582(c)(2) motion; and (4) denying a 1992 direct appeal filed on his behalf.   After careful review, we affirm.

Whether a pending appeal divests the district court of jurisdiction over an issue is a question of law subject to de novo review.   See United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995).   The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal."   Id.   Thus, when an appeal is filed, the district court "is divested of jurisdiction to take any action with regard to the matter except in the aid of the appeal," Shewchun v. United States, 797 F.2d 941, 942 (11th Cir. 1986) (quotation omitted), and does not regain jurisdiction until a mandate has issued on appeal, Zaklama v. Mount Sinai Med. Ctr., 906 F.2d 645, 649 (11th Cir. 1990).   A notice of appeal "must: . . . designate the judgment, order, or part thereof being appealed[.]"   Fed.R.App.P. 3(c)(1)(B).

In this case, the district court did not err in concluding that it lacked jurisdiction to consider Reed's second motion for reconsideration.  Indeed, Reed's simultaneous filing of a notice of appeal, raising issues concerning the denial and construction of his initial motion for reconsideration, divested the court of jurisdiction to consider the same in his second motion for reconsideration.  See Tovar-Rico, 61 F.3d at 1532.  As for the remainder of Reed's claims, they are not properly before us, since the instant notice of appeal concerns the denials of his motion for reinstatement and motion for reconsideration of that motion for reinstatement, and not his initial motion for reconsideration, the denial of the § 3582(c)(2) motion, or his 1992 direct appeal.  See Fed.R.App.P. 3(c)(1)(B).

**AFFIRMED**.