[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13451
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20333-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEANGELO MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 23, 2014)

Before HULL, WILLIAM PRYOR and ANDERSON, Circuit Judges

PER CURIAM:

Nathan D. Clark, appointed counsel for Deangelo Mitchell, has moved to

withdraw, supported by a brief prepared in compliance with *Anders v. California*,

386 U.S. 738, 87 S. Ct. 1396 (1967). Clark represented Mitchell after he filed a *pro*

*se* motion to vacate his sentence of 96 months of imprisonment for committing an assault that resulted in a serious bodily injury, 18 U.S.C. § 113(a)(6). *See* 28 U.S.C. § 2255. The district court granted Mitchell's motion to vacate and imposed a new sentence of 90 months. After Mitchell appealed and moved for the appointment of new counsel on appeal, we instructed the parties to address three questions involving the jurisdiction of the district court and of this Court. After careful review of the complex procedural history of this case, we conclude that the district court had jurisdiction to entertain Mitchell's motion to vacate. We also have conducted an independent review of the entire record and considered the issues raised by Mitchell in his *pro se* filing. Because there are no arguable issues of merit, we grant counsel's motion to withdraw, we deny as moot Mitchell's motion to appoint new counsel, and we affirm Mitchell's sentence.

Although the district court lacked jurisdiction on April 27, 2011, to resentence Mitchell because this Court had yet to issue its mandate following its resolution of Mitchell's direct appeal, *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir. 1990) ("[A] district court generally is without jurisdiction to rule in a case that is on appeal, despite a decision by this court, until the mandate has issued."), the district court plainly had jurisdiction to entertain Mitchell's motion to vacate that new sentence. *See* 28 U.S.C. § 2255(a). After the district court granted Mitchell's motion to vacate his April 2011 sentence, the United States failed to appeal that

2

judgment. *See United States v. Dunham Concrete Prods., Inc.*, 501 F.2d 80, 81 (5th Cir. 1974) ("This Circuit has long taken the view that . . . when an order is entered in the § 2255 proceeding which satisfies established notions of finality, either party prejudiced may appeal as in other civil actions."). We now have jurisdiction to review Mitchell's appeal of his new sentence following the disposition of his motion to vacate.

Our independent review of the entire record and the issues raised by Mitchell reveals that counsel's assessment of the relative merit of the appeal is correct. Because our examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED**, and Mitchell's sentence is **AFFIRMED**. We also **DENY** as moot Mitchell's motion for appointment of counsel.