[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15621
_____

D.C. Docket No. 2:01-cv-01407-KOB


ANTONIA TOLBERT,
JOHNNY JONES, SR.,
Executor Administrator for Johnny Jones III (deceased),
ALL PLAINTIFFS,
SARAH E. CLOPTON,
JUDY JONES,

Plaintiffs - Appellees,

versus

MONSANTO COMPANY,
PHARMACIA CORPORATION,
SOLUTIA, INC.,

Defendants - Appellants.

_____

No. 14-10967

_____

D.C. Docket No. 2:13-cv-01408-KOB


CLARENCE ARMOUR,
ANNIE PEARL BAILEY,
QUINCY P. BARCLAY,
on behalf of themselves individually and all others similarly situated,
BETTY BARKER,
DOROTHY BAUMS,

                                                      Plaintiffs - Appellants,


versus


MONSANTO COMPANY,
PHARMACIA CORPORATION,
SOLUTIA, INC.,

                                                      Defendants - Appellees.



_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(September 4, 2015)

2

Before JORDAN and FAY, Circuit Judges, and WALKER,[*] District Judge.

PER CURIAM:

The corporate appellants in the *Tolbert* litigation, Monsanto Company, Pharmacia LLC (formerly Pharmacia Corporation), and Solutia, Inc., appeal the district judge's November 5, 2013, Order, denying their expedited motion for an injunction to protect the Final Judgment and Order, entered on September 9, 2003, pursuant to the settlement agreement in an extensive pollution action.  The individual appellants in the *Armour* litigation appeal the district judge's February 3, 2014, Order, dismissing with prejudice their complaint to set aside the 2003 Final Judgment and Order and to relitigate the claims in the *Tolbert* litigation under Federal Rule of Civil Procedure 60(d) as a class action.  We consolidated these related appeals; we affirm dismissal in the *Armour* case and dismiss as moot the appeal in the *Tolbert* case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The 2003 Final Judgment and Order, which incorporated the Global Settlement Agreement and the Settlement Agreement, resolved the claims of 18,000 individual plaintiffs for personal injuries and damage to real property

---

[*] The Honorable Mark E. Walker, United States District Court Judge for the Northern District of Florida, sitting by designation.

resulting from exposure to carcinogenic polychlorinated biphenyls ("PCBs"),[1] produced and discharged by Monsanto at its plant in Anniston, Alabama. The PCBs polluted portions of Anniston and nearby areas, affecting humans and wildlife.[2]

Under the terms of the Final Judgment and Order, defendants settled plaintiffs' claims for $300,000,000, which included healthcare services, pharmaceutical benefits for up to twenty years, a community health clinic in Anniston, health screening for plaintiffs, and educational benefits for minor plaintiffs. A Settlement Administrator oversaw the various settlement payments for the individual *Tolbert* plaintiffs. Significantly, the Final Judgment and Order, dated September 9, 2003, and signed by the district judge handling the case at that time, unequivocally states: "This Final Judgment and Order *shall be binding on all parties to this action and on the entities that have accepted performance or payment obligations under the written settlement documents*." Final J. & Order ¶

---

[1] These PCBs, resulting from industrial use, were banned by Congress in 1979.

[2] In their Consolidated, Amended, and Restated Complaint, filed October 9, 2003, plaintiffs represent "PCBs cause cancer, neurological deficits, liver disease, adverse skin conditions and other maladies in humans, as well as disease and death of several species of wildlife (some to the point of extinction)." Consolidated, Amended, & Restated Compl. ¶11. They further allege Monsanto disposed of PCBs and acid, containing PCBs, into the sewer system of its Anniston plant, which discharged into ditches that frequently flooded and carried PCBs onto surrounding property. *Id.* ¶ 16. Plaintiffs allege Monsanto also dumped PCBs and PCB-contaminated substances into crude landfills they failed to maintain. *Id.* ¶ 17. Consequently, PCBs from the Monsanto Anniston plant were discharged into the atmosphere, soil, and waterways of Anniston. *Id.* ¶ 18.

11 (emphasis added). It further provides: "The Court shall retain complete jurisdiction of this action, all parties, and all related matters." *Id.* ¶ 13.

Regarding the binding effect on named plaintiffs, the Final Judgment and Order instructed plaintiffs to identify and add all persons to the complaint to which the *Tolbert* litigation applied. The judge ordered that these individuals be identified by filing "an amended complaint specifically naming each person subject to the tolling agreement as an *additionally named plaintiff* within thirty (30) days after entry of this Final Judgment and Order." *Id.* ¶ 11 (emphasis added). The individuals added through the Consolidated, Amended, and Restated Complaint, filed October 9, 2003, were 7,159 people, who were not included in the September 9, 2003, Final Judgment and Order. The cumulative total of individuals included in the Final Judgment and Order and the Consolidated, Amended, and Restated Complaint was 18,000.[3]

The impetus for this case in district court and on appeal was the filing by 271 of the 7,159 added plaintiffs through the 2003 Consolidated, Amended, and Restated Complaint of a *new complaint against the same corporate defendants* on July 30, 2013, which attempted to set aside the 2003 Final Judgment and Order under Federal Rule of Civil Procedure 60(d) and to relitigate those claims under

---

[3] The 18,000 individuals included plaintiffs in both the *Tolbert* litigation and *Oliver v. Monsanto*, No. 02-C-0836-S (N.D. Ala.), which the district judge consolidated. We do not address the *Oliver* litigation in this consolidated appeal.

Federal Rule of Civil Procedure 23 as a class action.[4] *Armour v. Monsanto Co.*,

No. 2:13-cv-01408-KOB ( N.D. Ala. filed July 30, 2013*)*.  The corporate

defendants in the *Tolbert* litigation responded to the *Armour* complaint by filing an

expedited motion for an injunction to protect and preserve the Final Judgment and

Order in that case.  A different district judge issued an order for the *Tolbert*

plaintiffs to show cause why defendants' requested injunction should not be

entered.

In their response, plaintiffs contend: "The *Armour* Plaintiffs along with more

than 7,000 other people were nothing but names listed on an exhibit prepared by

lawyers and filed 30 days after the final judgment was entered."  Plaintiffs'

Response to the Court's Order to Show Cause at 1-2.  Because they were not part

of the *Tolbert* litigation, the *Armour* plaintiffs maintain the Final Judgment and

Order does not apply to them; consequently, they filed an independent action under

Federal Rule of Civil Procedure 60(b)(4).  Significantly, the *Tolbert* plaintiffs

admit "all of the *Armour* Plaintiffs were told by their lawyers and *treated by the*

*Tolbert Administrator as though they were bound by the Tolbert settlement*

---

[4] The *Armour* complaint states: "The Plaintiffs are 271 of the 7,159 people who were not before the Court on September 9, 2003 when the Court approved the settlement agreement, including attorney's fees, in a final judgment and order but are persons whom the Court attempted to bind by the judgment and order the 7,159 people who were added to the case by Exhibits A and B to a 'Consolidated, Amended and Restated Complaint' in the *Oliver* and *Tolbert* cases filed by the counsel for the Plaintiffs on October 9, 2003, thirty days after the so-called 'Final Judgment and Order' was entered by the Court said persons had not previously been listed as Plaintiffs in the *Oliver* and *Tolbert* cases."  *Armour* Compl. ¶ 2.

6

*agreement*, including requiring that they pay the lawyers who claimed to be representing them in the *Tolbert* case." *Id.* at 2 (emphasis added).

On November 5, 2013, the district judge entered the order the *Tolbert* defendants appeal. She denied defendants' motion for an injunction to protect the Final Judgment and Order under the All Writs Act, 28 U.S.C. § 1651,[5] and permitted the *Armour* plaintiffs to proceed with their independent action under Rule 60(d). On February 3, 2014, the district judge entered the order the *Armour* plaintiffs appeal. She determined they had not countered defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) by failing to satisfy the standard for an independent action in equity, to state a plausible claim the *Tolbert* Final Judgment and Order was void, to show their claims were not

---

[5] The district judge denied the *Tolbert* defendants' expedited motion for an injunction to protect the Final Judgment and Order under the All Writs Act, which states: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a); *see Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004) ("A court may grant a writ under this act whenever it is calculated in the court's sound judgment to achieve the ends of justice entrusted to it, and not only when it is necessary in the sense that the court could not otherwise physically discharge its duties." (citation, internal quotation marks, ellipsis, and alteration omitted)). The judge invited the *Armour* plaintiffs to file an independent action under Rule 60, because she had found the *Armour* complaint facially to be a valid Rule 60, independent action. *See Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877, 883 (11th Cir. 1989) ("Most significantly, the court explicitly invited the state plaintiffs to make their due process challenge in federal court pursuant to a Fed. R. Civ. P. 60(b) motion or *through an independent action*." (emphasis added)). "[A] court may not issue an injunction under the All Writs Act if adequate remedies at law are available. Generally, if a party will have opportunity to raise its claims in the concurrent federal proceeding sought to be enjoined, that concurrent proceeding is deemed to provide an adequate remedy at law." *Ala. v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1132 (11th Cir. 2005) (citations omitted). It remained for the *Armour* plaintiffs to establish their claims, which they attempted to do with multiple amended complaints.

barred by estoppel principles, to delineate how their allegations satisfied the requirements of a class action under Federal Rule of Civil Procedure 23, and to explain why the original district judge lacked jurisdiction to hear the case. The *Tolbert* defendants and the *Armour* plaintiffs timely appealed the district judge's respectively applicable November 5, 2013, and February 3, 2014, orders, which we have consolidated on appeal.

## II. DISCUSSION

On the facts and record in these consolidated appeals, the resolution is governed by equitable estoppel, a question of law we review de novo. *Bailey v. ERG Enters., LP*, 705 F.3d 1311, 1316 (11th Cir. 2013). It is settled law in this circuit that "'[w]here one in whose favor a judgment is rendered accepts the benefits, *he is estopped from questioning the validity, of the judgment in any subsequent litigation.*'" *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 650 (11th Cir. 1990) (quoting *Livesay Indus., Inc. v. Livesay Window Co.*, 202 F.2d 378, 382 (5th Cir. 1953)) (emphasis added). "Thus, a plaintiff should not be permitted to assert formally the existence of one state of facts in a claim against one party and accept benefits in satisfaction of that claim, and then maintain an action against another party on the ground that the facts first asserted did not exist." *DeShong v. Seaboard Coast Line R. Co.*, 737 F.2d 1520, 1522 (11th Cir. 1984).

8

Although the *Armour* appellants had accepted funds and valuable benefits pursuant to the 2003 Final Judgment and Order, they sought to reopen the *Tolbert* litigation to increase those benefits in 2013. Their proposed remedy does not require them to return the money they have received for a decade; they conceded at oral argument that would be a practical impossibility. Consequently, the object of the *Armour* litigation is an inequitable remedy that conflicts with our circuit law under *Zaklama*. The *Armour* appellants have received the funds and benefits in the Final Judgment and Order that settled the *Tolbert* litigation, in which they were added plaintiffs, money and valuable benefits they are unable to return.

In addition, the *Armour* appellants have failed to respond to the equity and estoppel arguments raised by the corporate appellees in their motion to dismiss, which was noted by the district judge in dismissing their case. Since they have not addressed these arguments on appeal, they have abandoned them. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (recognizing a party abandons an issue "by failing to list or otherwise state it as an issue on appeal"). Accordingly, we affirm dismissal of the *Armour* litigation and dismiss as

9

moot the appeal of the corporate appellants from denial of their motion for an injunction to preserve the 2003 Final Judgment and Order in the *Tolbert* litigation.[6]

**AFFIRMED in part; DISMISSED in part**.

---

[6] At oral argument, the individual *Tolbert* appellees and the individual *Armour* appellants argued there was a fraud exception to the *Zaklama* estoppel principle. *Zaklama*, 906 F.2d at 650. We directed counsel to address the applicability of a fraud exception in supplemental letter briefing. In their letter briefs, the claimants provide no precedent showing they were not estopped or any alternative reason excusing their failure to raise the issue on appeal. Instead, they present a convoluted argument that there is a fraud exception to estoppel in *Tolbert*, because the original district judge lacked subject matter jurisdiction. Because the original district judge did not know about the additional individual claims presented by the *Armour* appellants when he approved the 2003 Final Judgment and Order, they contend there was fraud. But the individual *Tolbert* claimants were represented by counsel and made parties to the final *Tolbert* complaint, settlement agreement, and Final Judgment and Order by their counsel with their consent. Under the Final Judgment and Order, the district judge gave the *Tolbert* plaintiffs a 30-day opportunity to add plaintiffs. This resulted in the 2003 Consolidated, Amended, and Restated Complaint, which added 7,159 plaintiffs, who shared in the funds and valuable benefits accorded to the individual *Tolbert* claimants under the Final Judgment and Order. Their acceptance of those funds and benefits estops their challenge to the 2003 Final Judgment and Order ten years later as well the addition of claimants to accept those funds and benefits through the *Armour* litigation. If the *Tolbert* and *Armour* claimants have problems with their former counsel, that is a separate matter and not the fault of these corporate defendants.