KHOUZAM, Judge.
BarrNunn, LLC, appeals a final judgment of foreclosure entered in favor of Talmer Bank and Trust. Because the trial court entered final judgment without complying with section 702.10(1), Florida Statutes (2011), we reverse and remand for further proceedings.
The facts are undisputed. On August 15, 2011, Talmer filed a complaint against BarrNunn and others seeking to foreclose on a mortgage. On the same day, Talmer filed a motion pursuant to section 702.10(1) requesting that the trial court enter an order to show cause why a final judgment of foreclosure should not be entered. Three days later, the court entered the show cause order and scheduled a hearing for October 5, 2011. On September 30, 2011, BarrNunn and another defendant filed a lengthy motion to dismiss the complaint. The motion raised a number of issues, including that allegations in the complaint were contradicted by the exhibits attached to the complaint.
Following the October 5 hearing, the trial court entered a final judgment of foreclosure on January 11, 2012. Although no transcript of the hearing exists, the judgment includes the following finding of fact:
During the hearing time reserved for the Order to Show Cause, the Court reviewed the Defendants’ timely-filed Motion to Dismiss, [and] found that it did not present any meritorious defenses to the count for foreclosure of real property and that the Defendants were not entitled to file an Answer and Affirmative Defenses to that count[.]
BarrNunn timely appealed, arguing that the trial court erred by entering final judgment after the show cause hearing where the defendants had timely filed a motion to dismiss.
There are no Florida cases that interpret the current version of section 702.10(1) as applied to the issue presented here. Because the material facts are undisputed, the issue before this court is one of statutory interpretation and is subject to de novo review. Borden v. East-European Ins. Co., 921 So.2d 587, 591 (Fla.2006). Although in many cases the lack of a transcript of the lower court proceedings prevents the appellant from demonstrating reversible error, see Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979), “the absence of a transcript does not preclude reversal where an error of law is apparent on the face of the judgment,” Chirino v. Chirino, 710 So.2d 696, 697 (Fla. 2d DCA 1998).
Section 702.10(1) provides that a mortgagee in a foreclosure proceeding *53 may move the court for an order to show cause for the entry of final judgment. Upon such a request, “the court shall immediately review the complaint” and must issue the order if the complaint is verified and alleges a cause of action to foreclose on real property. Id. The order to show cause must set a date and time for a hearing on the matter, which shall be held no later than 60 days after the date of service of the order. § 702.10(l)(a)(l). The order must also “[s]tate that, if the defendant files defenses by a motion, the hearing time may be used to hear the defendant’s motion.” § 702.10(l)(a)(5).
Section 702.10(1) continues:
(b) The right to be heard at the hearing to show cause is waived if the defendant, after being served as provided by law with an order to show cause,' engages in conduct that clearly shows that the defendant has relinquished the right to be heard on that order. The defendant’s failure to file defenses by a motion or by a sworn or verified answer or to appear at the hearing duly scheduled on the order to show cause presumptively constitutes conduct that clearly shows that the defendant has relinquished the right to be heard. If a defendant files defenses by a motion or by a verified or sworn answer at or before the hearing, such action constitutes cause and 'precludes the entry of a final judgment at the hearing to show cause.
(d) If the court finds that the defendant has waived the right to be heard as provided in paragraph (b), the court shall promptly enter a final judgment of foreclosure. If the court finds that the defendant has not waived the right to be heard on the order to show cause, the court shall then determine whether there is cause not to enter a final judgment of foreclosure. If the court finds that the defendant has not shown cause, the court shall promptly enter a judgment of foreclosure.
(Emphases added.)
Section 702.10(1) thus contemplates a procedure to expedite the portion of mortgage foreclosure cases that are not materially defended. Through this statute, a mortgagee can accelerate a foreclosure case by moving the court to conduct a hearing to show cause and, if no cause is shown, obtaining a final judgment as a result of the hearing. But where cause is shown, the court is without authority to enter final judgment.
The plain language of the statute indicates that a trial court conducting a show cause hearing pursuant to section 702.10(1) is required to engage in a two-part analysis. First, the court must determine if the right to be heard has been waived as described in subsection (b). If the court determines that the defendant has waived that right, the court is obligated to enter final judgment for the plaintiff pursuant to subsection (d). If the right to be heard has not been waived, however, subsection (d) provides that the court must then determine whether the defendant has shown cause not to enter the judgment. And where the defendant has filed defenses by motion at or before the hearing, subsection (b) makes it clear that cause is statutorily established and the court is precluded from entering final judgment. Because the trial court erroneously entered final judgment contrary to subsection (b), we must reverse and remand the case for further proceedings.
Talmer argues that the trial court properly used the time at the show cause hearing to hear the defendants’ motion, deny it as meritless, and enter final judgment. In support, Talmer cites the portion of the statute requiring the order to show cause to state that the time at the show cause hearing may be used to hear the defen *54 dant’s defenses by motion. We cannot agree.
Talmer’s interpretation conflicts directly with the clear and unambiguous language in subsection (b), which declares that the filing of defenses “constitutes cause and precludes the entry of a final judgment.” This court’s “duty to read the provisions of a statute as consistent with one another ... and to give effect and meaning to the entirety of the legislative enactment at issue” does not permit an interpretation that would ignore clear and unambiguous language to the contrary contained within the same statute. Am. Home Assurance Co. v. Plaza Materials Corp., 908 So.2d 360, 366 (Fla.2005).[1] Consequently, we must reverse the final judgment and remand the case for further proceedings consistent with this opinion.
Reversed and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.

. We also note that even without reference to section 702.10, it was error to enter final judgment upon the denial of the defendants’ motion to dismiss. See Lehew v. Larsen, 124 So.2d 872, 873 (Fla. 1st DCA 1960) ("While a motion to dismiss admits, for the purposes of the consideration thereof, the truth of all facts well pleaded in the complaint, such admission does not preclude the movant, in the event the motion is denied, from filing an answer denying every material allegation of the complaint.”).