Andrzej MADURA, Anna Dolinska–Madura, Plaintiffs–Counter Defendants–Counter Claimants–Appellants,

v.

BAC HOME LOANS SERVICING, LP, f.k.a. Countrywide Home Loans Servicing, LP, Defendant–Appellee,

Bank of America, N.A., Defendant–Counter Claimant–Counter Defendant–Third Party Plaintiff–Appellee,

Countrywide Homeloans, Inc., Counter–Defendant,

Unknown Tenant 2, et al., Third Party Defendants.

No. 15–10090
Non–Argument Calendar

United States Court of Appeals, Eleventh Circuit.

Date Filed: 06/30/2016

Andrzej Madura, BRADENTON, FL, Pro Se.

Anna Dolinska–Madura, BRADENTON, FL, Pro Se.

Christopher Stephen Carver, Brendan Herbert, Akerman, LLP, MIAMI, FL, Ryan Daniel O'Connor, Nancy M. Wallace, Akerman, LLP, TALLAHASSEE, FL, for Defendant–Appellee.

Before MARTIN, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Andrzej Madura and his wife, Anna Dolinska–Madura (the "Maduras"), pro se, appeal denial of their motion under Federal Rule of Civil Procedure 62.1 for an indicative ruling and motion under Federal Rule of Civil Procedure 60(b) for relief from the final judgment, following summary judgment for Bank of America ("BOA") on the Maduras' Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(b),(c), & (e), claims and BOA's counterclaim of foreclosure. We affirm.

## I. BACKGROUND

### A. Underlying Facts

On July 26, 2000, Madura obtained a residential home loan, secured by his principal residence, from Full Spectrum Lending, Inc. Both he and his wife signed the mortgage. Countrywide Home Loans, Inc. ("Countrywide") subsequently purchased the loan. In March 2001, the Maduras contacted Countrywide and requested to repay their loan in full. Countrywide informed the Maduras a prepayment penalty applied and sent them a payoff demand, including the prepayment penalty. In May 2001, the Maduras sent Countrywide a letter demanding immediate rescission of their loan agreement, because of alleged fraud and forgery. Countrywide refused to rescind the loan but agreed to waive the prepayment penalty. The Maduras did not repay the loan in full; instead, they continued to make monthly mortgage payments

until November 1, 2006, when they ceased making payments. In April 2007, Countrywide sent Madura a notice of default and acceleration. In 2009, Countrywide changed its name to BAC Home Loans Servicing, L.P. ("BAC Home Loans"), and in 2011, BAC Home Loans merged with BOA. In February 2012, BOA sent Madura a re-notice of default and acceleration. Madura did not cure the default.

## B. Present Litigation

### 1. Complaint, Answer, and Counterclaim

In November 2011, the Maduras filed a complaint alleging RESPA violations. BOA answered and later filed a counterclaim for foreclosure against the Maduras. The Maduras filed a number of documents in response to the foreclosure counterclaim, including two motions to dismiss, a motion for summary judgment on statute-of-limitations grounds, an answer, and an amended answer, all of which the judge denied or struck.

Thereafter, the Maduras filed a 140–page answer to BOA's foreclosure counterclaim, denying the allegations and raising 71 affirmative defenses. They asserted (1) BOA lacked standing to foreclose; (2) they had rescinded the loan in May 2001; (3) the loan documents had been forged and fraudulently altered; and (4) in asserting its foreclosure counterclaim in this case, BOA had failed to comply with a consent judgment it had entered into in a different case in federal District Court for the District of Columbia.

### 2. Motions for Summary Judgment and Related Motions in Limine

BOA subsequently moved for summary judgment on the Maduras' RESPA claims and on its foreclosure counterclaim. Regarding the foreclosure counterclaim, BOA argued the Maduras' affirmative defenses lacked merit and were barred in large part by collateral estoppel and res judicata, because the Maduras already had litigated or should have litigated those defenses in their previous lawsuits concerning their home-mortgage loan.[1] In support of its motion for summary judgment, BOA filed the affidavit of Brieanne Siriwan, an officer of BOA, to authenticate the loan documents.

The Maduras opposed BOA's motion and filed their own motion for partial summary judgment on the foreclosure counterclaim. In support of their motion for partial summary judgment, the Maduras filed several Forensic Document Examination Reports from Thomas Vastrick, a purported expert in forensic document examination. Vastrick's reports stated Madura's initials on the promissory note, and both his and his wife's signatures on the Truth in Lending Act ("TILA") Disclosure Statement, appeared to have been forged.

The Maduras also filed two motions to strike Siriwan's affidavit and argued it was inadmissible as hearsay, and BOA had violated Federal Rule Civil Procedure 26 by failing properly to disclose Siriwan as a witness in discovery. Thereafter, BOA moved to strike or exclude Vastrick's reports and argued the reports did not meet the standard for the admission of expert testimony under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786,

1. The Maduras have been litigating claims concerning their home-mortgage loan in state and federal court since 2002. We detailed the history of their previous litigation, when this action was first before us. *See Madura v. BAC Home Loans Servicing, LP*, 593 Fed.Appx. 834, 836–40 (11th Cir. 2014) (per curiam), *cert. denied*, ─── U.S. ───, 136 S.Ct. 133, 193 L.Ed.2d 102 (2015).

125 L.Ed.2d 469 (1993). The Maduras opposed BOA's motion and requested a *Daubert* hearing. The judge directed BOA to furnish the original promissory note and any other original documents BOA wanted the judge to consider; BOA complied.

### 3. Motions for Summary Judgment

On July 17, 2013, the judge granted BOA's motion for summary judgment on both the Maduras' RESPA claims and BOA's foreclosure counterclaim. The judge also granted BOA's motion to strike Vastrick's forensic reports. The judge found each of Vastrick's reports fell short of *Daubert*'s requirements, because they contained no discussion of how Vastrick reached his conclusions, and the Maduras had presented no cogent arguments concerning his qualifications, methodology, or how his reports would assist the trier of fact.

Concerning BOA's foreclosure counterclaim, the judge first addressed the Maduras' motion for partial summary judgment. The judge found the Maduras' rescission argument failed, because their May 2001 letter did not rescind their loan; even if it had, the Maduras ratified their obligations under the note by continuing to make mortgage payments for more than five years after the claimed rescission. The judge also found BOA properly had authenticated the loan documents via Siriwan's affidavit and determined her affidavit satisfied the requirements of Federal Rule of Civil Procedure 56, because it was made with personal knowledge, set out facts that would be admissible in evidence, and showed she was competent to testify on the matters contained therein. The judge declined to strike Siriwan's affidavit based on the Maduras' failure-to-disclose argument and stated her analysis would not change, even if the affidavit were stricken. Furthermore, the Maduras' reliance on Vastrick's reports in support of their forgery and fraud arguments was unavailing, because the judge could not consider those reports under *Daubert*. The judge likewise rejected the Maduras' contention BOA lacked standing to foreclose, because BOA possessed the note when it filed the foreclosure counterclaim and therefore was entitled to enforce it. Consequently, the judge denied the Maduras' motion for partial summary judgment.

Regarding the Maduras' affirmative defenses, the district judge first rejected the defenses challenging BOA's standing to foreclose, because there was no genuine issue of material fact concerning BOA's standing. The judge concluded the Maduras' forgery-based defenses were barred by res judicata, because they were identical to the forgery contentions raised and addressed in their previous cases. Even if the forgery allegations were not barred, the Maduras ratified the alleged forgery of the loan documents by continuing to make payments on their mortgage after discovering the alleged forgery. Similarly, the judge found the Maduras failed to explain why a consent judgment from an unrelated case would bind the court in this case and concluded their affirmative defense based on that consent judgment did not preclude BOA from pursuing its foreclosure counterclaim. After determining all the Maduras' affirmative defenses were barred or lacked merit, the judge granted BOA's motion for summary judgment on its foreclosure counterclaim.

### 4. Post-Judgment Motions

On the same day the judge granted summary judgment to BOA, the Maduras filed a motion requesting to inspect the loan documents the judge had ordered BOA to produce. They also filed a motion to recuse the judge and alleged she had engaged in ex parte communications with BOA by re-

questing and receiving the original loan documents from BOA, which deprived the Maduras of their right to review and contest those documents. The judge construed the Maduras' motion to inspect the loan documents as a motion for an evidentiary hearing and denied it as moot. She likewise denied their motion to recuse as meritless and stated their contention she had engaged in ex parte communications was baseless.

Thereafter, the Maduras filed several post-judgment motions seeking reconsideration of various rulings and relief from the final judgment. They contended the judge improperly had granted summary judgment based on her ex parte communications with BOA. They also renewed many of their previous arguments concerning the validity of the loan documents and BOA's ability to foreclose.

The judge denied the Maduras' motions. At the outset, the judge concluded none of the Maduras' motions provided a meritorious basis for reconsideration, because they largely renewed arguments the court previously had addressed. Concerning the alleged ex parte communications, the judge noted Florida law required a party seeking to foreclose to produce the original mortgage note; therefore, she ordered BOA to furnish the original loan documents in compliance with Florida law. Furthermore, BOA had explained Madura had inspected the original loan documents during his deposition, and the Maduras were copied on BOA's submission of those documents to the court. Therefore, the judge concluded she had not engaged in ex parte communications.

The judge entered a final judgment of foreclosure on August 13, 2013. The Maduras filed an emergency motion to inspect the loan documents tendered by BOA and reiterated their contention the judge improperly obtained the documents through ex parte communications with BOA. Before the judge ruled on their emergency motion, however, the Maduras filed a notice of appeal from the final judgment of foreclosure. Concluding the filing of the notice of appeal divested the court of jurisdiction, the judge denied the emergency motion.

## 5. First Appeal

On November 10, 2014, we affirmed the district judge's granting summary judgment to BOA. *Madura v. BAC Home Loans Servicing, LP*, 593 Fed.Appx. 834, 850 (11th Cir. 2014) (per curiam), *cert. denied*, —— U.S. ——, 136 S.Ct. 133, 193 L.Ed.2d 102 (2015). We concluded collateral estoppel barred the Maduras from relitigating all claims they raised or could have raised in their initial state-court action, including whether the May 2001 letter rescinded their loan, whether their loan documents had been forged and fraudulently altered, and any other issues arising from the July 26, 2000, loan transaction. *Id.* at 843. Furthermore, the Maduras had ratified the loan by continuing to make payments until November 2006. *Id.* at 844. We also agreed with the judge's finding BOA had standing to foreclose. *Id.* at 845.

In addition, we concluded the district judge did not engage in prohibited ex parte communications by receiving the original loan documents from BOA, because Florida law requires a party seeking to foreclose on a mortgage to produce the original note. *Id.* at 846. Likewise, the judge did not abuse her discretion by striking Vastrick's reports and refusing to hold a *Daubert* hearing, because the evidence did not meet the three-part test for admissibility under *Daubert. Id.* at 847–48. We rejected the Maduras' consent-judgment argument as well, because the Maduras had not explained or presented any evidence showing how BOA failed to com-

ply with the judgment or that the failure to comply prevented BOA from foreclosing. *Id.* at 849. Finally, we determined the district judge did not abuse her discretion in striking or denying various motions filed by the Maduras, because the motions were untimely or filed in violation of the local district-court rules, and the judge had inherent authority to manage her own docket to ensure an expeditious disposition of the case. *Id.* at 849–50. The mandate issued on June 29, 2015.

### 6. Rule 60(b) Motion

On December 16, 2014, after we issued our opinion but before the mandate had issued, the Maduras filed a motion in district court for an indicative ruling, pursuant to Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1. They requested that the judge render an indicative ruling concerning their attached Rule 60(b) motion for relief from the final judgment of foreclosure.

In their Rule 60(b) motion, which they labeled a motion to void the judgment under Rule 60(b)(4), the Maduras first contended the judge had deprived them of due process by relying on the alleged loan documents produced by BOA ex parte in granting summary judgment, without allowing the Maduras to inspect the documents and in spite of Vastrick's reports showing the documents were forged and fraudulent. They also asserted the judge had deprived them of due process by failing to hold an evidentiary hearing regarding the authenticity of the loan documents prior to the entry of summary judgment, in violation of Fla. Stat. § 702.10. The Maduras further argued BOA lacked standing to foreclose, because it was not the owner of the mortgage note. They claimed the judge had erred in relying on Siriwan's affidavit because it was inadmissible hearsay, and Siriwan was not dis-

closed as a witness during discovery. The Maduras contended res judicata did not bar their forgery claims. In addition, they argued the district judge should have taken judicial notice of the consent judgment and reiterated BOA had violated the terms of that judgment in this case. They contended the district judge also had denied them due process by striking several of their filings even though they were filed timely. Finally, they maintained they had rescinded their mortgage loan in 2001; therefore, the judge erred in foreclosing the rescinded loan.

The judge denied the Maduras' motions. She noted Rule 60(b) motions must be made within a reasonable time and courts should not reopen judgments lightly. While an appeal is pending, the judge explained, district courts retain only limited authority to act in a case. Considering these principles, the judge determined she lacked jurisdiction to decide the Maduras' Rule 60(b) motion, because we had affirmed her order granting summary judgment to BOA. She further noted the Maduras' motion was filed more than a year after the entry of judgment. The judge concluded the Maduras had not presented extraordinary circumstances warranting relief under Rule 60(b) and stated "[t]he lengthy passage of time coupled with the patent frivolity of their request" mandated the denial of their Rule 62.1 and 60(b) motions. R. at 7115.

The Maduras moved for reconsideration and argued the judge had overlooked Federal Procedure Rule 62.1 and Appellate Procedure Rule 12.1 in concluding she lacked jurisdiction to decide their Rule 60(b) motion. They contended Rule 62.1 and Rule 12.1 allow district courts to exercise jurisdiction over Rule 60(b) motions during the pendency of an appeal. Therefore, the judge had erred in denying their motion for lack of jurisdiction. Additional-

ly, the Maduras asserted their Rule 60(b)(4) motion was filed within a reasonable time because such a motion has no time limit, and a judgment may be voided at any time. They also argued the judge should have voided the judgment sua sponte, because of the due process violations demonstrated in their Rule 60(b)(4) motion.

The district judge denied the Maduras' motion for reconsideration. She concluded the Maduras had failed to meet their burden of demonstrating reconsideration was warranted, because they did not assert there had been an intervening change in law, present new evidence, or demonstrate a clear error of law or manifest injustice. Instead, the Maduras' motion simply sought to relitigate issues already decided by the judge and affirmed on appeal. Furthermore, Rule 62.1 was inapposite in the Maduras' case, because they had filed their Rule 60(b) motion after we had issued our decision; therefore, there were no pending appeals at the time the Maduras filed their motion. The judge likewise determined the Maduras failed to show she should have voided the final judgment of foreclosure sua sponte.

## II. DISCUSSION

### A. Jurisdiction

██ On appeal, the Maduras first argue the district judge erred in denying their Rule 60(b) motion for lack of jurisdiction. They assert the judge had authority under Rule 62.1 to assess the merits of their Rule 60(b) motion. Furthermore, they contend Rule 62.1 applies in their case. Although we had affirmed granting of summary judgment when they filed their Rule 60(b) motion, they argue their appeal was still pending, because we had not yet ruled on their petition for rehearing, and the mandate had not issued.

We review a district judge's determination of lack of jurisdiction de novo. *Mahone v. Ray*, 326 F.3d 1176, 1178 (11th Cir. 2003). Typically, the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of authority over aspects of the case involved in the appeal. *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n*, 895 F.2d 711, 713 (11th Cir. 1990). A district judge retains the authority only to act in aid of the appeal, correct clerical errors, or assist in the execution of a judgment that has not been superseded. *Id.* We retain jurisdiction over an appeal until we have issued the mandate implementing our decision. *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir. 1990). "Accordingly, a district court generally is without jurisdiction to rule in a case that is on appeal, despite a decision by this court, until the mandate has issued." *Id.*

Federal Rule of Civil Procedure 62.1 provides a limited exception to the general jurisdictional rule for motions filed after the filing of the notice of appeal. *See* Fed. R. Civ. P. 62.1(a). The Rule provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

*Id.* The Advisory Committee Notes show Rule 62.1 adopted the practice most courts followed when a party filed a Rule 60(b) motion to vacate a judgment pending on appeal. *Id.* Advisory Committee Note to 2009 adoption. The Notes further explain, under Rule 62.1, a district judge may not grant a Rule 60(b) motion absent a remand but may deny the motion, defer consider-

ation, or issue an "indicative ruling" stating the motion would be granted on remand or the motion raises a substantial issue. *Id.*

In this case, the district judge erred to the extent she concluded she lacked jurisdiction to entertain the Maduras' Rule 60(b) motion. Rule 62.1 expressly grants district judges the authority to consider such motions during the pendency of an appeal, and the Maduras' appeal was still pending when they filed their Rule 60(b) motion, even though we had already issued an opinion, because the mandate had not yet issued. *See* Fed. R. Civ. P. 62.1; *Zaklama*, 906 F.2d at 649. Nothing in the plain language of Rule 62.1 or the Advisory Committee Notes state the Rule was not intended to apply in these circumstances. *See* Fed. R. Civ. P. 62.1. Moreover, the range of options provided by Rule 62.1 for addressing a post-appeal motion allows district judges sufficient flexibility to address a motion such as the Maduras' motion without undermining the appellate court's resolution of the appeal. *See id.*; *cf. Showtime/The Movie Channel, Inc.*, 895 F.2d at 713 (stating district courts retain authority only to act in aid of the appeal after a notice of appeal has been filed).

Nevertheless, the district judge's order demonstrates she alternatively denied the Maduras' Rule 60(b) motion on the grounds it lacked merit and was untimely. Therefore, the judge did consider the merits of the Maduras' motion, and ultimately did not err in denying their motion. Any error the judge made in concluding she lacked jurisdiction over the Maduras' motion was harmless.

## B. Merits of the Maduras' Rule 60(b) Motion

The Maduras also contend the judge erred in denying their Rule 60(b) motion, because it was filed more than a year after the entry of judgment. They argue Rule 60(b)(4) motions have no time limit, and the motion was filed within a reasonable time. In addition, the Maduras renew several of the arguments raised in their Rule 60(b) motion and contend we should sua sponte declare the final judgment of foreclosure void.

Generally, we review for abuse of discretion the denial of a Rule 60(b) motion. *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). Rule 60(b)(4) motions to vacate a void judgment are reviewed de novo, however, because a district judge per se abuses her discretion when she refuses to vacate a void judgment. *Oldfield*, 558 F.3d at 1217. We may affirm on any ground supported by the record. *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 n.5 (11th Cir. 2013).

Under Rule 60(b), a district judge may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud ..., misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) motions must be made within a reasonable time, and motions brought under subsections (1) through (3) must be filed no more than a year after the entry of the judgment at issue. Fed. R. Civ. P. 60(c)(1). In contrast,

motions filed under Rule 60(b)(4) are not subject to the reasonable-time limitation. *Hertz Corp. v. Alamo Rent–A–Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994). A judgment is not void under Rule 60(b)(4) simply because it was or may have been erroneous. *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 737 (11th Cir. 2014), *cert. denied*, —— U.S. ——, 135 S.Ct. 2066, 191 L.Ed.2d 959 (2015). Instead, a judgment is void under Rule 60(b), if the district judge lacked jurisdiction or there were defects in due process that deprived the movant of notice or an opportunity to be heard. *Id.* The Supreme Court has held, however, procedural due process violations may be harmless error when they do not affect the outcome of the proceedings. *See Tenn. Secondary Sch. Athletic Ass'n v. Brentwood Academy*, 551 U.S. 291, 301–04, 127 S.Ct. 2489, 2496–98, 168 L.Ed.2d 166 (2007); *see also Marshall v. City of Cape Coral*, 797 F.2d 1555, 1562–63 (11th Cir. 1986).

Under the law-of-the-case doctrine, subsequent courts are bound by the findings of fact and conclusions of law reached by the court of appeals in a prior appeal of the same case. *Culpepper v. Irwin Mortgage Corp.*, 491 F.3d 1260, 1271 (11th Cir. 2007). The doctrine bars parties from relitigating issues decided either explicitly or by necessary implication by the prior appeal. *This That and the Other Gift and Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006). The law-of-the-case doctrine does not bar reconsideration of an issue, however, where (1) new and substantially different evidence is produced; (2) there has been a change in the controlling authority; or (3) the prior decision was clearly erroneous and would result in manifest injustice. *Id.*

Florida law provides a party seeking to foreclose on a mortgage may move for an order to show cause why a final judgment of foreclosure should not be entered. Fla. Stat. § 702.10(1). If certain conditions are met, the judge must issue the order, which must set the date and time for a show-cause hearing. *Id.* § 702.10(1)(a)(1). The show-cause procedure established under § 702.10 is intended to provide an expedited process for the resolution of mortgage-foreclosure cases that are not materially defended. *BarrNunn, LLC v. Talmer Bank & Trust*, 106 So.3d 51, 53 (Fla. 2d Dist. Ct. App. 2013).

■ In our prior opinion in this case, we rejected the majority of the arguments raised in the Maduras' Rule 60(b) motion. Consequently, the law-of-the-case doctrine bars reconsideration of those issues. *Culpepper*, 491 F.3d at 1271. Specifically, we (1) rejected the Maduras' forgery, fraud, and rescission claims, (2) determined BOA had standing to foreclose, (3) affirmed the judge's decision to strike Vastrick's reports and deny the Maduras' request for a *Daubert* hearing, (4) concluded the judge did not engage in ex parte communications by receiving the original note from BOA, (5) rejected the Maduras' argument that BOA's failure to comply with the consent judgment prevented foreclosure, and (6) concluded the district judge properly exercised her discretion in striking or denying various motions filed by the Maduras. *Madura*, 593 Fed.Appx. at 843–50. The Maduras renewed those arguments in their Rule 60(b) motion but did not present new evidence, assert a change in controlling case law, or demonstrate our previous decision was clearly erroneous. *See This That and the Other Gift and Tobacco, Inc.*, 439 F.3d at 1283. Therefore, their attempt to relitigate those issues in their Rule 60(b) motion is barred. *Culpepper*, 491 F.3d at 1271; *This That and the Other Gift and Tobacco, Inc.*, 439 F.3d at 1283. The judge did not err in denying the Maduras' Rule 60(b) motion.

■ The Maduras' argument the judge violated their due process rights by refusing to strike Siriwan's affidavit and relying on it to authenticate the loan documents likewise fails to demonstrate the final judgment of foreclosure was void. Even assuming the judge had erred in refusing to strike Siriwan's affidavit, any such error was harmless, because the district judge expressly stated exclusion of the affidavit would not alter her ruling on the foreclosure counterclaim. *Tenn. Secondary Sch. Athletic Ass'n,* 551 U.S. at 303–04, 127 S.Ct. at 2497–98. Furthermore, we concluded the loan documents properly were authenticated without reference to Siriwan's affidavit, because commercial papers, such as mortgage notes, are self-authenticating under Florida law, and the Maduras failed to rebut the presumption of authenticity. *Madura,* 593 Fed.Appx. at 845. Even if the judge had erred in relying on Siriwan's affidavit, the final judgment of foreclosure was not rendered void.

■ Finally, the Maduras' contention the judge deprived them of due process by failing to hold an evidentiary hearing before entering the final judgment of foreclosure is unavailing. The Maduras' contention they were entitled to an evidentiary hearing pursuant to Fla. Stat. § 702.10(1) is inaccurate, because BOA did not move for an order to show cause in this case, and § 702.10 procedures do not appear to apply. *See* Fla. Stat. § 702.10(1)(a)(1); *cf. BarrNunn, LLC,* 106 So.3d at 53 (stating § 702.10 establishes an expedited procedure for a certain subset of foreclosure cases). Any error the district judge may have made in failing to hold an evidentiary hearing was harmless. *Tenn. Secondary Sch. Athletic Ass'n,* 551 U.S. at 301–04, 127 S.Ct. at 2496–98; *Marshall,* 797 F.2d at 1562–63. The Maduras had ample opportunity to present their arguments and submit evidence concerning the foreclosure counterclaim; furthermore, they do not explain how an evidentiary hearing would have changed the outcome of the district court proceedings. *See Tenn. Secondary Sch. Athletic Ass'n,* 551 U.S. at 303–04, 127 S.Ct. at 2497–98. Consequently, the Maduras' evidentiary hearing argument did not provide a basis for relief.

**AFFIRMED.**