IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MDTR LLC AS TRUSTEE UNDER
THE 6161 SEQUOIA LAND TRUST
DATED THIS 15TH DAY OF MAY 2014,

      Appellant,

 v.                                                                          Case No.  5D15-4506

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR INDYMAC
INDX MORTGAGE LOAN TRUST 2005-AR23
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2005-AR23, ET AL.,

      Appellees.
_____/

Opinion filed June 9, 2017

Appeal from the Circuit Court
for Volusia County,
William A. Parsons, Judge.

Isaac Manzo, and J. Randy Edmonson, of
Manzo & Associates, PA, Orlando, for
Appellant.

Kimberly S. Mello, and Danielle M. Diaz, of
Greenberg Traurig, P.A., Tampa, for
Deutsche Bank National Trust Company As
Trustee For Indymac INDX Mortgage Loan
Trust 2005-AR23 Mortgage Pass-Through
Certificates Series 2005-AR23, Appellee.

No appearance for other Appellees.


EDWARDS, J.

MDTR LLC ("MDTR") appeals the trial court's entry of final judgment of foreclosure in favor of Deutsche Bank National Trust Company ("Bank"). MDTR argues that the trial court erred in entering final judgment without a trial, purportedly pursuant to section 702.10, Florida Statutes (2015), because MDTR timely interposed written defenses and properly requested trial on the issues of damages and priority of security positions. We agree. The final foreclosure judgment is reversed and the case remanded to the trial court for further proceedings.

Bank filed a foreclosure complaint against MDTR and other defendants. The complaint alleged that Bank was the holder of the relevant promissory note, the note was in default for non-payment, and the note was secured by a mortgage on property allegedly owned by MDTR.

Bank filed a motion for order to show cause for the accelerated entry of final judgment of foreclosure pursuant to section 702.10. That statute allows a lienholder to "request an order to show cause for the entry of final judgment in a foreclosure action." § 702.10(1), Fla. Stat. (2015). Upon filing of such a motion, "the court shall immediately review the request and the court file in chambers and without a hearing." *Id.* If the court finds that the foreclosure complaint is verified and complies with statutory requirements, "the court shall promptly issue an order directed to the other parties named in the action to show cause why a final judgment of foreclosure should not be entered." *Id.* Section 702.10(1)(b) explains,

> The right to be heard at the hearing to show cause is waived
> if a defendant, after being served as provided by law with an
> order to show cause, engages in conduct that clearly shows
> that the defendant has relinquished the right to be heard on
> that order. The defendant's failure to file defenses by a motion
> or by a sworn or verified answer, affidavits, or other papers or

2

to appear personally or by way of an attorney at the hearing duly scheduled on the order to show cause presumptively constitutes conduct that clearly shows that the defendant has relinquished the right to be heard. If a defendant files defenses by a motion, a verified answer, affidavits, or other papers or presents evidence at or before the hearing which raise a genuine issue of material fact which would preclude entry of summary judgment or otherwise constitute a legal defense to foreclosure, such action constitutes cause and precludes the entry of a final judgment at the hearing to show cause.

*Id.* § 702.10(1)(b). Further, section 702.10(1)(d) states,

If the court finds that all defendants have waived the right to be heard as provided in paragraph (b), the court shall promptly enter a final judgment of foreclosure without the need for further hearing if the plaintiff has shown entitlement to a final judgment and upon the filing with the court of the original note, satisfaction of the conditions for establishment of a lost note, or upon a showing to the court that the obligation to be foreclosed is not evidenced by a promissory note or other negotiable instrument. If the court finds that a defendant has not waived the right to be heard on the order to show cause, the court shall determine whether there is cause not to enter a final judgment of foreclosure. If the court finds that the defendant has not shown cause, the court shall promptly enter a judgment of foreclosure.

*Id.* § 702.10(1)(d).

In response to Bank's motion, the trial court scheduled a hearing date and issued an order to show cause, stating that the defendants, including MDTR, must appear at a hearing for foreclosure. In accordance with section 702.10, the order stated,

The filing of defenses by a motion, a responsive pleading, an affidavit, or other papers before the hearing to show cause that raise a genuine issue of material fact which would preclude the entry of summary judgment or otherwise constitute a legal defense to foreclosure shall constitute cause for the court not to enter final judgment.

3

Several days before the scheduled hearing, MDTR filed an affidavit of one of its managers, who was also one of MDTR's attorneys, in opposition to entry of final judgment. The affidavit stated that "MDTR contests the amount of damages alleged in the Plaintiff's Complaint as MDTR has not had the opportunity to review a full payment history of the account" and that "MDTR denies that its ownership interest is inferior to Plaintiff's Mortgage until such time as Plaintiff proves as much by authentic, admissible evidence." It also stated, "MDTR must be afforded the opportunity to conduct discovery in order to verify and potentially contest the amounts alleged due in Plaintiff's Complaint and Plaintiff's proposed Final Judgment."

Despite MDTR's timely filed written defenses and attendance at the hearing, the trial court proceeded to enter a final judgment of foreclosure in favor of Bank at the conclusion of the show cause hearing.

In *BarrNunn, LLC v. Talmer Bank & Trust*, 106 So. 3d 51 (Fla. 2d DCA 2013), the Second District Court of Appeal found that the trial court erred under similar circumstances by entering a final judgment after the defendant had timely filed written defenses. The Second District reversed the trial court's entry of final judgment because "the clear and unambiguous language in subsection (b) . . . declares that the filing of defenses 'constitutes cause and precludes the entry of a final judgment.'" *BarrNunn*, 106 So. 3d at 54. It was likewise error here for the trial court to proceed to entry of final judgment in this case given that MDTR had filed an affidavit raising defenses. Both the statute and the trial court's show cause order state that such action constitutes cause which precludes the entry of a final judgment. In addition to filing written defenses and

4

objections to entry of a final judgment, MDTR attended the show cause hearing as scheduled.

Accordingly, we reverse the final judgment entered in favor of Bank and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.


COHEN, C.J., and EVANDER, J., concur.