[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11414
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02511-VMC-TBM


ANDRZEJ MADURA,
ANNA DOLINSKA-MADURA,

Plaintiffs-Counter Defendants
Counter Claimants-Appellants,

versus

BAC HOME LOANS SERVICING, LP,
f.k.a. Countrywide Home Loans Servicing, LP,

Defendant-Appellee,

BANK OF AMERICA, N.A.,

Defendant-Counter Claimant-Third Party Plaintiff
Counter Defendant-Appellee,


COUNTRYWIDE HOME LOANS, INC.,

Counter Defendant,

THIRD PARTY DEFENDANT,
Unknown Tenant 2, et al.,

Third Party Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 8, 2018)

Before MARTIN, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Andrzej Madura and Anna Dolinska-Madura (collectively, "the Maduras"), proceeding pro se, appeal the district court's denial of their Federal Rule of Civil Procedure Rule 60(b)(6) motion in their foreclosure proceeding, following the entry of judgment of foreclosure and grant of summary judgment in favor of defendant Bank of America, N.A. ("BOA"), on the Maduras' claims under the Real Estate Settlement Procedures Act ("RESPA")[1] and BOA's counterclaim for foreclosure.  We affirm.

---

[1] 12 U.S.C. § 2605(b), (c), (e).

## I. BACKGROUND

### A. Underlying Facts

On July 26, 2000, Madura obtained a residential home loan from Full Spectrum Lending, Inc. ("Full Spectrum"), and signed a promissory note; he and his wife, Dolinska-Madura, signed the mortgage. Countrywide Home Loans, Inc. ("Countrywide"), purchased the loan from Full Spectrum on July 31, 2000. In March 2001, the Maduras contacted Countrywide and requested to repay their loan in full; Countrywide informed them that a prepayment penalty applied and sent them a payoff demand statement that included a $5,036.84 prepayment penalty.

In May 2001, the Maduras sent Countrywide a letter demanding immediate rescission of their loan agreement based on alleged fraud and forgery. While Countrywide refused to rescind the loan, it agreed to waive the prepayment penalty. The Maduras did not repay the loan in full; they instead continued making monthly mortgage payments until November 1, 2006, at which point they ceased making payments. In April 2007, Countrywide sent Madura a notice of default and acceleration. In 2009, Countrywide changed its name to BAC Home Loans Servicing, L.P. ("BAC Home Loans"); in 2011, BAC Home Loans merged with BOA. BOA sent Madura a re-notice of default and acceleration in February 2012; Madura did not cure the default.

**B. Procedural History**

**1. Prior Cases**

After the Maduras sent Countrywide the letter demanding rescission of their loan, they initiated multiple lawsuits in state and federal courts.  In 2002, the Maduras filed a state-court action against Full Spectrum and Countrywide, contending that the defendants had fraudulently altered and forged their loan documents ("*Madura 1*").  The Florida state court determined that all claims were subject to the arbitration agreement that Madura admittedly had signed at the loan closing.  Dolinska-Madura subsequently filed an amended complaint against Countrywide; the state court granted summary judgment in favor of Countrywide.  The Maduras filed multiple appeals to no avail.

In 2006, the Maduras filed a lawsuit in federal court against Full Spectrum and Countrywide ("*Madura 2*").  The claims were nearly identical to those raised in state court.  The district court dismissed Madura's claims in favor of arbitration and granted summary judgment on all of Dolinska-Madura's claims.  We affirmed. *Madura v. Countrywide Home Loans, Inc.*, 344 F. App'x 509, 519 (11th Cir. 2009).

In 2010, the Maduras filed a state-court action against BOA and it was removed to federal district court ("*Madura 3*").  The district court dismissed the action with prejudice.  The district court found that "each and every claim that has

4

been advanced in this action against Bank of America [was] addressed and finally adjudicated." *Madura v. Bank of Am., N.A.*, No. 8:10-CV-523-T-33AEP, 2010 WL 2821936, at *3 (M.D. Fla. July 16, 2010).

The Maduras filed three additional lawsuits in state court between 2011 and 2012. In October 2011, they filed an action against the attorneys who had represented them in the previous actions ("*Madura 4*"). In January 2012, they filed a claim against Countrywide ("*Madura 6*"). The state court dismissed *Madura 4* and *Madura 6*, because it lacked jurisdiction and the claims already had been adjudicated in *Madura 1* and *Madura 3*.

### 2. The Instant Case

In between filing *Madura 4* and *Madura 6*, the Maduras filed the action at issue in this appeal ("*Madura 5*"). Following removal from state court, in November 2011, the Maduras filed a pro se amended federal complaint in district court against BOA and BAC Home Loans. The Maduras alleged that the defendants had violated several provisions of the RESPA. After discovery, BOA moved for summary judgment on the Maduras' RESPA claims and on its counterclaim for foreclosure. The district court entered a final judgment of foreclosure on August 13, 2013; the Maduras appealed.

In 2014, we affirmed the district court's judgment. *Madura v. BAC Home Loans Servicing, LP*, 593 F. App'x 834 (11th Cir. 2014). We affirmed the district

5

court's rejection of the rescission and fraud-based arguments; we concluded that the Maduras had failed to present any admissible evidence supporting their contention that the note was forged.  *Id.* at 843-46.  Additionally, as to the forgery and fraud-based arguments, we also relied on *Madura 2* and *Madura 3* to determine that some of the Maduras' claims were collaterally estopped and cited *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171 (11th Cir. 2013), in support. *Madura*, 593 F. App'x at 843-44.  The U.S. Supreme Court denied the Maduras' petition for a writ of certiorari.  *Madura v. Bank of America, N.A.*, 136 S. Ct. 133 (2015).

After the case was closed, the Maduras filed numerous motions and appeals, all of which were unsuccessful.[2]  In February 2017, the Maduras filed the instant Rule 60(b)(6) motion, for relief from the district court's July 2010 order of dismissal with prejudice (in *Madura 3*) and the July 2013 grant of summary judgment of foreclosure (in *Madura 5*).  The Maduras asserted that our recent opinion in *CSX Transportation, Inc. v. General Mills, Inc.*, 846 F.3d 1333 (11th Cir. 2017), undermined our reliance on *Tampa Bay Water*, which was cited in our 2014 affirmance.

---

[2] *See, e.g.*, *Madura v. BAC Home Loans Servicing, LP*, 655 F. App'x 717 (11th Cir. 2016); *Madura v. BAC Home Loans Servicing, L.P.*, No. 16-14870, 2017 WL 5988381 (11th Cir. Dec. 4, 2017).

The Maduras also filed an emergency motion to set aside, or alternatively stay, the district court's confirmation of the foreclosure sale and the writ of possession order, pending a ruling on their Rule 60(b)(6) motion. They asserted that BOA had purchased the property in the foreclosure sale and is still the owner of the property. The district court denied the Maduras' Rule 60(b)(6) motion and their motion to set aside the judgment.[3] The Maduras filed a notice of appeal from the district court's denial of their Rule 60(b)(6) motion.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

On appeal, the Maduras argue that the district court lacked subject matter jurisdiction to issue the foreclosure judgment and make a rescission determination, which we affirmed, because the loan was rescinded and the loan rescission issue was not presented in the pleadings. We review questions regarding subject matter jurisdiction de novo. *See Stovall v. City of Cocoa*, 117 F.3d 1238, 1240 (11th Cir. 1997). Appellate courts have a responsibility to examine the subject matter jurisdiction of the district courts in actions that they review. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001). In a given case, a federal district court must have either: (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or

---

[3] The Maduras also filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). However, the district court had not ruled on that motion at the time that the Maduras filed their notice of appeal.

(2) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Federal question jurisdiction exists in civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Here, the district court had federal question jurisdiction in the underlying proceeding, as the Maduras raised claims under the RESPA,[4] a federal statute. *See* 28 U.S.C. § 1331; *Baltin*, 128 F.3d at 1469.

The law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication in an earlier appeal of the same case. *This That & The Other Gift & Tobacco, Inc. v. Cobb County*, 439 F.3d 1275, 1283 (11th Cir. 2006). The law-of-the-case doctrine can be overcome only when: (1) since the prior decision, new and substantially different evidence is produced or there has been a change in the controlling authority; or (2) the prior decision was clearly erroneous and would result in a manifest injustice. *Id.*

In a recent appeal by the Maduras, we rejected their argument that the district court lacked subject matter jurisdiction over their case because the loan rescission issue was not framed by the pleadings. *Madura v. BAC Home Loans Servicing, L.P.*, No. 16-14870, 2017 WL 5988381, at *3 (11th Cir. Dec. 4, 2017). We recognized that the Maduras' argument about whether rescission was raised in the pleadings was not a jurisdictional issue, because there is no requirement that

---

[4] 12 U.S.C. § 2605.

the prior servicers bring an action in order to provide the district court with subject matter jurisdiction. *Id.* The Maduras' subject matter jurisdiction arguments raised in the instant appeal are, once again, an attempt to re-argue that their loan was rescinded in 2001. *Id.* Accordingly, their arguments are barred by the law-of-the-case doctrine and the Maduras have failed to show that any of the exceptions to the law-of-the-case doctrine are applicable. *See This That & The Other Gift & Tobacco*, 439 F.3d at 1283. As to a change in controlling authority, although the Maduras rely on *CSX Transportation* as new relevant controlling authority, that case is inapplicable to their case, as explained below.

**B. Rule 60(b)(6) Motion**

The Maduras also argue that the district court abused its discretion by denying their Rule 60(b)(6) motion because our recent decision in *CSX Transportation*, 846 F.3d 1333, is applicable to their case. Rule 60(b) allows a party to seek relief or reopen his case based upon the following limited circumstances: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been discharged; and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). A motion seeking relief under Rule 60(b)(6) must be filed within a reasonable time. Fed. R. Civ. P. 60(c)(1). The appeal of a Rule 60(b) motion is limited to a determination of whether the district court abused its discretion in denying the motion and shall not

9

extend to the validity of the underlying judgment per se. *Rice v. Ford Motor Co.*, 88 F.3d 914, 918-19 (11th Cir. 1996).

To demonstrate that the district court abused its discretion in denying a Rule 60(b) motion, a movant must prove some justification for relief and cannot prevail simply because the district court properly could have vacated its order. *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986). Rather, the movant must demonstrate a justification so compelling that the court was required to vacate its order. *Id.* Additionally, more than a mere change in the law is necessary to provide grounds for Rule 60(b)(6) relief; the petitioner must persuade us that the circumstances are sufficiently extraordinary to warrant relief. *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987).

In *CSX Transportation*, we addressed the issue of whether federal common law applies state collateral estoppel rules or federal collateral estoppel rules, when determining the preclusive effect of a judgment rendered by a federal court exercising diversity jurisdiction. 846 F.3d at 1337. We explained that our case law on this issue was conflicting and, in relevant part, noted that, in *Tampa Bay Water*, we had determined that federal common law incorporates collateral estoppel as defined by federal law to determine the preclusive effect of issues decided by a federal court that exercised diversity jurisdiction. *Id.* However, in an earlier case, *Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297

10

(2005), we had held that collateral estoppel was defined by state law in that circumstance. *CSX Transp.*, 846 F.3d at 1339-40. Relying on the earliest precedent rule, we held that federal common law borrows the state rule of collateral estoppel to determine the preclusive effect of a federal judgment where the court exercised diversity jurisdiction. *Id.* at 1340.

Here, the district court did not abuse its discretion in denying the Maduras' Rule 60(b)(6) motion. *See Rice*, 88 F.3d at 918-19. First, to the extent that the Maduras are attempting to utilize *CSX Transportation* to undermine the district court's opinion in one of their prior cases, they may not use Rule 60(b). *See Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (stating that Rule 60(b) cannot be used as a substitute for a properly-filed appeal).

As to the Maduras' challenge to the adjudication of their underlying foreclosure proceeding, more than a mere change in the law is necessary to warrant Rule 60(b)(6) relief. *See Ritter*, 811 F.2d at 1401. Regardless, *CSX Transportation* does not apply because the Maduras' relevant prior cases were adjudicated under federal question jurisdiction, not diversity jurisdiction. *See CSX Transp.*, 846 F.3d at 1340; *see also Tampa Bay Water*, 731 F.3d at 1179 (explaining that federal preclusion principles apply when a prior federal decision was decided under federal question jurisdiction). Further, the district court's summary judgment order did not depend exclusively on preclusion; it included

11

alternative, merits-based reasons for denying the Maduras' claims and defenses,

which we addressed and affirmed.  *See Madura*, 593 F. App'x at 841-50.

   **AFFIRMED.**