[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11716
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02511-VMC-TBM

ANDRZEJ MADURA,
ANNA DOLINSKA-MADURA,

Plaintiffs - Counter Defendants -
Counter Claimants - Appellants,

versus

BAC HOME LOANS SERVICING, L.P.,
f.k.a. Countrywide Home Loans Servicing, LP,

Defendant-Appellee,

BANK OF AMERICA, N.A.,

Defendant -Counter Claimant -
Third Party Plaintiff-Counter-
Defendant-
Appellee,

COUNTRYWIDE HOME LOANS INC.,

Counter Defendant,

UNKNOWN TENANT 2, et al.,

Third Party Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 15, 2019)

Before TJOFLAT, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Andrzej Madura and Anna Dolinska-Madura (collectively, "the Maduras"),

proceeding pro se, appeal the denial of their Federal Rule of Civil Procedure

60(b)(4) motion for relief from the district court's 2013 final judgment in their

action against Bank of America, N.A., and BAC Home Loans Servicing, L.P.

(collectively, "the Banks").  We affirm in part and dismiss in part.

## I. BACKGROUND

In 2000, Madura obtained a residential home loan from Full Spectrum

Lending, Inc. ("Full Spectrum"), and signed a promissory note; he and his wife,

Dolinska-Madura, signed the mortgage.  Countrywide Home Loans, Inc.

("Countrywide"), then purchased the loan from Full Spectrum on July 31, 2000.  In

2001, the Maduras contacted Countrywide and requested to repay the loan in full.

Countrywide notified them that a prepayment penalty would apply and provided a

payoff statement reflecting the penalty.  The Maduras responded with a letter

demanding an immediate rescission of the loan, asserting that Countrywide had

2

destroyed the original loan records and fabricated new ones that included the prepayment penalty. Countrywide refused to rescind the loan, but it agreed to waive the prepayment fee. The Maduras did not repay the loan in full; instead, they continued making monthly loan payments until November 2006, when they stopped. In 2007, Countrywide sent a notice of default and acceleration. In 2009, Countrywide changed its name to BAC Home Loans Servicing, L.P. ("BAC"); in 2011, BAC merged with Bank of America, N.A. ("BOA"). BOA sent Madura a re-notice of default and acceleration in February 2012; Madura did not cure the default.

Following the 2001 rescission demand, the Maduras initiated several lawsuits against BAC, Countrywide, Full Spectrum, and BOA. *See Madura v. BAC Home Loans Servicing, LP*, 593 F. App'x 834, 837-39 (11th Cir. 2014) (describing the history of litigation, including: *Madura 1*, a 2002 action in Florida state court; *Madura 2*, a 2006 action in federal court; *Madura 3*, a 2010 state court complaint that was removed to federal court; *Madura 4* and *Madura 6*, 2011 and 2012 actions, respectively, in Florida small claims court; and *Madura 5*, the present action, which was filed in state court and removed to district court by the Banks). All of these actions were resolved in favor of the defendants. *Id.*

The Maduras sought rescission of their loan in several of their lawsuits, based on their argument that they had effectively rescinded the loan when they sent

3

the letter detailing the alleged fraud and forgery of the loan documents.  In *Madura 2*, the district court dismissed Madura's claims and ordered arbitration under a provision in the loan agreement, and it granted summary judgment in favor of BOA on Dolinska-Madura's claims.  *Madura v. Countrywide Home Loans, Inc.*, 344 F. App'x 509, 513 (11th Cir. 2009).  On appeal, we concluded that Dolinska-Madura's fraud-related claims and arguments that the Maduras had rescinded their loan were barred by the doctrines of *res judicata* and collateral estoppel, because they had already pursued them in *Madura 1*, their first action in Florida state court. *Id.* at 517-18.

In 2011, the Maduras filed *Madura 5*, the action underlying this appeal, in Florida state court; the Banks removed the action to federal district court.  In an amended complaint, the Maduras claimed, in relevant part, that their loan documents had been forged and that the Banks had violated the Real Estate Settlement Procedures Act and the Truth in Lending Act ("TILA").

BOA, on its own and as successor by merger to BAC, filed an answer and raised numerous affirmative defenses to the amended complaint.  In 2012, BOA filed a counterclaim for foreclosure against the Maduras, asserting that it held a valid mortgage on their property and that it was entitled to foreclose based on the Maduras' default on the terms of the underlying loan.  The Maduras filed a 140-page answer to BOA's counterclaim for foreclosure, denying the allegations and

raising dozens of affirmative defenses.  The Maduras asserted, among other things, that BOA lacked standing to foreclose because it had rescinded the loan in May 2001 and the loan documents had been forged and fraudulently altered.

Later in 2012, BOA moved for summary judgment on the Maduras' claims and on its counterclaim for foreclosure.  The Maduras responded in opposition to summary judgment and simultaneously filed their own motion for partial summary judgment on the foreclosure counterclaim.  They reasserted the same arguments with regards to standing, namely, that they had rescinded the loan and that the loan documents had been forged and altered.  The Maduras also filed a report from Thomas Vastrick, whom they asserted was a forensic expert.  They asserted that Vastrick had provided expert assessments showing that their signatures and initials on the loan documents were not authentic.

In July 2013, the district court granted BOA's motion for summary judgment and motion *in limine* to strike Vastrick's forensic reports.  The Maduras appealed this ruling; we affirmed.  *See Madura*, 593 F. App'x at 841-50 (the "final judgment affirmance").  We affirmed the district court's conclusion that the Maduras' fraud and forgery and rescission arguments were barred by *res judicata* and collateral estoppel.  *Id.* at 843-44.  We also held that, in any event, the Maduras ratified the loan by continuing to make monthly payments through

5

November 2006.  *Id.* at 844.  We also affirmed the district court's decision to strike Vastrick's forensic reports.  *Id.* at 847-48.

On March 23, 2015, following our final judgment affirmance, the Maduras moved this Court to vacate its panel opinion and rehear the matter en banc, based on the Supreme Court's January 2015 opinion in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015).  They argued that our conclusion in the final judgment affirmance as to their rescission claims was flawed because *Jesinoski* made clear that a borrower need not file a lawsuit in order to effectuate rescission. We denied that motion in April 2015; the mandate issued in June of that year.  The Supreme Court denied the Maduras' certiorari petition in October 2015 and denied their request for rehearing shortly thereafter.  The Maduras later sought to recall our mandate; we denied that request.

Meanwhile, following our final judgment affirmance, the Maduras filed numerous motions in the district court and subsequent appeals in this Court, all without success.  In several of these motions, the Maduras again pursued their arguments that they had rescinded the loan and that the district court therefore erred in foreclosing the loan.  *See, e.g.*, *Madura v. BAC Home Loans Servicing, L.P.*, 721 F. App'x 838, 842 (11th Cir. 2017); *Madura v. BAC Home Loans Servicing, LP*, 655 F. App'x 717, 725 (11th Cir. 2016).

In March 2018, the Maduras filed the present motion under Federal Rule of Civil Procedure 60(b)(4) for relief from the final judgment in *Madura 5*. They argued that the judgment was void because the district court lacked subject matter jurisdiction to proceed on BOA's foreclosure counterclaim. In an endorsed order, the district court denied the motion. The Maduras appealed, designating only that ruling for review.

## II. DISCUSSION

On appeal, the Maduras argue that the final judgment, which included a foreclosure judgment in favor of the Banks, was void because they rescinded the underlying residential mortgage loan prior to the filing of the action. A district court's ruling on a Rule 60(b)(4) motion to set aside a judgment as void is reviewed de novo, because the validity of the judgment involves a legal question. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001). An appeal of a grant or denial of a Rule 60(b) motion is narrow in scope, addressing only the propriety of the denial or grant of relief, but not addressing issues in the underlying judgment for review. *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012). A "significantly higher" standard is generally used to decide whether a movant is entitled to relief under Rule 60(b), as opposed to a motion filed under Federal Rule of Civil Procedure 59(e). *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th

Cir. 2001) (holding that the movant could not even satisfy Rule 59(e)'s more lenient standard, much less the more stringent Rule 60(b) standard).

Rule 60(b)(4) provides that a court may relieve a party from a final judgment or order if it finds that the judgment is void. Fed. R. Civ. P. 60(b)(4). "Generally, a judgment is void under Rule 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Burke*, 252 F.3d at 1263 (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)). "A judgment also is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it." *Id.*

TILA provides that, under certain circumstances, consumer borrowers may rescind certain loan transactions by timely notifying the lender that they intend to do so. 15 U.S.C. § 1635(a). The notice must comply with applicable regulations. *Id.* Within 20 days of receiving such notice, a creditor must, *inter alia*, "return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." *Id.* § 1635(b).

In *Jesinoski*, the Supreme Court addressed the issue of whether a borrower may exercise his right of rescission under TILA by only providing written notice to his lender, or whether the borrower must also file a lawsuit before the three-year limitations period elapses. *Jesinoski*, 135 S. Ct. at 791. Although the borrowers in

8

*Jesinoski* exercised their right to rescission within the three-year period of their loan origination, the district court granted the lender's motion for a judgment on the pleadings because the borrowers did not file a lawsuit within the three-year period. *Id.* The Supreme Court reversed, holding that written notice of rescission within three years of a loan's origination is all that is required for a borrower to exercise his right of rescission under TILA. *Id.* at 792-93.

Despite the Maduras' arguments, *Jesinoski* has no bearing on this case. The district court found that the Maduras' notice was not a proper rescission and that the Maduras nullified any rescission by continuing to make payments through 2006; it did not rule that the Maduras failed to rescind because they did not file a lawsuit seeking rescission. *See id.* at 791-92. Further, although the Maduras argue that they have provided additional evidence showing that the loan documents were fraudulent, they have not raised any evidence that was not considered at the time of the final judgment, which expressly addressed their fraud and forgery arguments. Therefore, the Maduras have failed to show that the judgment was void, making Rule 60(b)(4) relief unwarranted. *See Burke*, 252 F.3d at 1263.

While the Maduras also raise arguments that challenge the district court's 2013 final judgment, we lack jurisdiction to review these arguments because the Maduras' 2018 notice of appeal was untimely as to that ruling and it only designated the denial of their Rule 60(b)(4) motion for relief. Fed. R. App. P.

3(c)(1)(B), 4(a)(1)(A); *Green v. DEA*, 606 F.3d 1296, 1300-02 (11th Cir. 2010).

Similarly, the Maduras challenge our 2014 opinion affirming the district court's

2013 final judgment, *Madura*, 593 F. App'x 834; however, the law-of-the-case

doctrine prohibits us from reviewing that ruling.  *See Heathcoat v. Potts*, 905 F.2d

367, 370 (11th Cir. 1990).  Accordingly, to the extent the Maduras' appeal raises

these arguments, it is dismissed.[1]

**AFFIRMED IN PART, DISMISSED IN PART.**

---

[1] We note that a single judge of this Court directed the parties to address whether the Maduras were entitled to proceed *in forma pauperis* because they received such status in the district court.  Having concluded that this appeal is meritless, we decline to further address this question; we instead affirm in part and dismiss in part as further detailed in this opinion.

Additionally, although the Banks have requested sanctions in their brief, our internal operating procedures provide that such a request must be contained in a separate motion.  11th Cir. R. 38-1, I.O.P.  Because the Banks did not file a separate motion for sanctions, their request is DENIED.